MRS. AGLAÉ BRINGIER, Administratrix, *v.* MARTIN GORDON, Administrator.

The evidence of a single witness to establish acknowledgements of indebtedness on the part of a deceased person, is held to be the weakest species of evidence known to the law, and will be received with disfavor. Such evidence held in this case to be insufficient to defeat the plea of prescription.

An action for the recovery of money loaned is prescribed by three years.

APPEAL from the District Court of the Parish of Ascension, *Duffel*, J. *J. H. Ilsley*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

LAND, J. This suit is instituted by plaintiff, as administratrix of the succession of *M. D. Bringier*, and in her own individual right, to recover from

the succession of *H. B. Trist* the sum of one hundred and twelve thousand four hundred and ten dollars and twenty-one cents, with interest, at the rate of eight per cent. per annum, from the 15th day of May, 1849.

The suit is founded on a notarial act of *indebtment* in the sum of twenty thousand dollars, and on numerous promissory notes given for principal amounts, and the interest thereon, forming, as it were, three classes of securities.

First. The notarial acknowledgement mentioned.

Secondly. Promissory notes given for principal amounts.

Thirdly. *Coupons* or interest notes upon the whole amount of indebtedness, including the twenty thousand dollars acknowledged in the act.

The defendant pleaded a general denial, and the prescription of three, five and ten years.

It is sufficient to say, that all the promissory notes were prescribed by the lapse of five years, prior to the commencement of this suit, in July, 1857, and that plaintiff seeks to avoid the effect of this plea by proving an interruption of prescription as to some of the notes, and a renunciation as to others in June, 1850, by a specific acknowledgment, and afterwards, in 1854, by a general acknowledgment of *H. B. Trist.*

The evidence offered consists of the verbal admissions or acknowledgments of the deceased, to a single witness, made at a particular time and place, when the deceased and witness were alone.

The impossibility of contradicting a witness, under such circumstances, and his entire immunity from temporal punishment for false swearing, have induced the courts to receive such testimony with disfavor, and to declare it the weakest species of evidence known to the law. *Succession of Segond,* 7 R. 112 ; 10 L. 355 ; 2 R. 299 ; 6 A. 763.

The rule is general, and so well founded in reason and justice, that the high character of a particular witness cannot be permitted to form an exception to its general application.

To prevent frauds and perjuries, the Legislature, in 1858, passed an Act forbidding absolutely the introduction in evidence of the verbal acknowledgments of persons deceased, in cases of this kind. Acts of 1858, p. 148.

Independently of this statute, we have no hesitation in deciding, upon the authority of the previous decisions of this court, that the testimony on which plaintiff relies is insufficient to avoid the plea of prescription filed in this case.

The prescription of ten, and not five years, under Article 3508 of the Civil Code, is applicable to the debt of twenty thousand dollars acknowledged in the notarial act.

This debt became due in March, 1847, and was acknowledged by *H. B. Trist* in a subsequent act, in 1848, to be still due and owing, and was not therefore prescribed at the date of service of citation, in this case, in August, 1857.

This debt by agreement in writing bore interest at the rate of nine per cent. per annum. But as the interest was separated from the principal, and separate notes given therefor, up to the 1st of May, 1849, and these notes have been prescribed, interest can only be allowed from the 15th of May, 1849, *at the rate of eight per cent.* per annum, *as claimed in the petition.*

In addition to the notarial acknowledgment and promissory notes, the plaintiff also sues on a receipt for the sum of six hundred dollars, dated 8th of February, 1844, signed by *H. B. Trist.*

This receipt is only the evidence of an advance, or loan of money, and the action for its recovery is prescribed by the lapse of three years. C. C. 3503. Its consideration was proved by parol.

The judgment of the lower court was in favor of the plaintiff, for the sum of twenty thousand dollars, acknowledged in the notarial act, with interest at the rate of eight per cent. per annum from the 15th of May, 1849, and for the sum of six hundred dollars, with five per cent. interest from the 17th of April, 1852, and rejected all the other claims of plaintiff, on the plea of prescription. This judgment is correct, except so far as it condemns defendant to pay the six hundred dollars mentioned in the receipt, and interest thereon.

It is, therefore, ordered, adjudged and decreed, that, so far as the judgment of the lower court condemns the defendant to pay the sum of six hundred dollars, mentioned in the receipt, and interest thereon, it be reversed, and that said claim be rejected, and that said judgment be, in all other respects, affirmed, with costs in both courts.

MERRICK, C. J., concurring. Considering the large amount in controversy, I concur, although I think the testimony of a single witness may be sufficient to show the interruption of prescription, where it occurred previous to the recent statute.

VOORHIES, J., absent.