No. 14,013.

SUCCESSION OF EDWIN M. BURKE.

## SYLLABUS.

1. A wife, or widow, claiming as her separate estate property purchased during the community, must prove, first, the *paraphernal* character of the funds used in the purchase; second, her *separate administration* of those funds; third, *their investment* in the property in question.

2. When, during marriage, a wife buys property with her separate, paraphernal, funds, intending the purchase to be an investment of such funds, it is not essential that the act of purchase should recite the fact that she is buying with her separate funds under her own administration and for her sole account, and not that of the community, though it is advisable always that such declaration be made in the deed.

3. But when *the husband,* during marriage, buys property in his name, intending it as an investment of his separate funds, to be held for his individual account and not that of the community, it is essential that some indication of this intention, and of the character of the funds used, be given in the act of purchase.

4. Improvements put, during marriage, upon the wife's separate landed property at the expense of the community, may be claimed by the wife at the dissolution of the community, but she owes the community their value.

A PPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*McCoy, J. ad hoc.*

---

*Schwing & Moore,* for Executrix *et als.,* Appellees.

---

*Cline & Cline,* for Opponents, Appellants.

The opinion of the court was delivered by

BLANCHARD, J. This contest is over the final account filed by the executrix, Mrs. Rose O. Burke. Oppositions were filed by three creditors, to-wit:—the Citizens' Bank of Jennings, J. H. Hoffman and Mrs. M. Valdetero.

One of the contentions is that certain real estate in the town of Jennings, described in the pleadings, standing in the name of Rose O. Burke, belonged to the community, and was not the separate property of Mrs. Burke. Opponents ask that the executrix be decreed to account for the same.

The conclusion of the District Judge was that the evidence sustained the claim of Mrs. Burke to this real estate as her separate, paraphernal property.

We are not prepared to say he erred. The rule is that a wife, or widow, claiming as her separate estate property purchased during the community, must prove, first, the *paraphernal* character of the funds used in the purchase; second, her *separate administration* of those funds; third, *their investment* in the property in question. Stauffer, Macready & Co. vs. Morgan, 39 La. Ann. 632.

Mrs. Burke has satisfactorily met these requirements of the law.

When, during marriage, a wife buys property with her separate, paraphernal funds, intending the purchase to be an investment of such funds, it is not essential that the act of purchase should recite the fact that she is buying with her separate funds under her own administration, and for her sole account, and not that of the community, though it is advisable always that such declaration be made in the deed. Metcalf vs. Clark, 8 La. Ann. 286.

It suffices to put creditors and others on guard that the title is taken in her name, and, when put to the test, if she proves *de hors* the act that the funds used were her separate funds, the source whence derived, that the same were under her separate administration, and were used in the purchase as an investment for her separate account, her title will be maintained.

The presumption of law, however, is that property bought during marriage in the name of either spouse falls into the community. This is elementary.

But when *the husband,* during marriage, buys property in his name intending it as an investment of his separate funds, to be held for his individual account, and not that of the community, it *is* essential that

some indication of this intention, and of the character of the funds used, be given in the act of purchase.

For the reasons of the law for the distinction made in this regard, between purchases in the name of the wife and those in the name of the husband, see Hero vs. Black, 44 La. Ann. 1036.

After Mrs. Burke's purchase certain improvements were put upon the property. These were paid for by the husband. Their value at the time of the death of the husband, or an amount equal to the enhanced value of the lots by reason of their improvement constituted an asset of his estate, or rather of the community, and must be accounted for by Mrs. Burke, in her reckoning as executrix.

The District Judge fixed the value, under the evidence, at $1350.00. His action in this regard is sustained.

So also is his action holding that the price of a certain carriage sold by the executrix (being one of the items in dispute) should be accounted for as community funds.

We do not find that opponents' contention in regard to six small promissory notes, made by various persons, payable to order of E. M. Burke and by him endorsed, asserted as valid claims against his succession by one of opponents, is sustained. The defenses againt these notes, maintained by the District Judge, are found to be sound.

The demand of opponents to have the costs incurred in a certain suit, brought by the Citizens' Bank of Jennings against the executrix, transferred from the rank of an ordinary debt to that of a privileged debt. claiming that the same should be classed under the head of "law charges," is not found to have merit. In that suit the bank recovered an ordinary judgment. The costs are part of this judgment—the whole entitled to be ranked on the schedule of debts only as an ordinary debt. These costs are not to be considered "law charges" in the sense that term is used in the several Articles of the Code referring to debts *privileged* in the settlement of estates.

It appears that the costs incurred in a suit by Narcissa York against the Succession were included among the law charges on the account of the executrix filed, and, because of this, opponent's demand that the costs in the suit in which they were interested should be treated likewise. But it does not appear that any one *opposed* the costs in the York case as having been erroneously included among the law charges. If opposition to this item of the account had been filed, we would have sustained it. As it is the item is not before us for consideration and action.

Succession of Burke.

The demand of opponents to disallow the claim of L. M. Valdetero, placed on the account for $747.70 and interest at five per cent from date of approval, is found to be without merit.

The trial Judge considered the evidence sustained the claim and we agree with him.

The opposition was rightly sustained in regard to interest on the note due Mr. M. Valdetero. This note was for $600.00 principal. It was placed on the account as an ordinary debt for the amount and for $100.00 interest. It should have been for $162.00 interest.

There was error in the judgment appealed from allowing the Citizens' Bank of Jennings ten per cent. as attorney's fees on a note for $1000.00 and interest, approved by the executrix. The bank held, among other claims, this note for one thousand dollars, which was presented by the cashier of the bank to the executrix and by her approved to be paid in due course of administration. It was placed on the schedule in its proper classification. The contention of opponents is that inasmuch as the note stipulated for 10 per cent attorney's fees in the event it should become necessary at maturity to place the same in the hands of an attorney for collection, etc., the bank is entitled to this allowance.

We hold not. It does not appear that the note was ever sued upon, nor payment thereof demanded through an attorney. Had such been the case the allowance for the attorney's fees stipulated for would have been proper; without it, it was improper.

The account of the executrix classed the costs in the York suit, as we have seen, as "law charges", and this action was not opposed. The amount of costs was put down as $86.40. It appears that the total of the costs in that case was $215.80 instead of $86.40, and the trial court increased the sum to $215.80, and ordered the account amended so as to include said sum of $215.80 among the "law charges."

There was error in this. This increase of costs should have been as an ordinary debt only. The $86.40 was not properly classed as "law charges" and had it been opposed we should have so held. The difference between $86.40 and $215.80 is $129.40. The evidence establishes the larger sum was due as costs and the error consisted in the rank given it as a "law charge."

There was an error in the account of the executrix in the matter of attorney's fees and costs in the suit of the Citizens' Bank against the Succession. The attorney's fees were put down at $126.70 and the costs

at $268.80. It should be for attorney's fees $268.80; for costs $168.65. It is ordered, adjudged and decreed that the judgment appealed from be amended so as to disallow the ten per cent. attorney's fees on the note for $1000.00 and interest, approved by the executrix to be paid in due course of administration; that it be further amended so as to maintain at $86.40, only, the costs in the York suit as "law charges," and the remainder of the costs due in that suit, to-wit:—$129.40 be placed on the account as an ordinary debt; and that it be further amended in the matter of attorney's fees and costs in the suit of the Citizens' Bank of Jennings against the Succession, so as to make such item read for attorney's fees $268.80; for costs $128.65.

It is further ordered, etc., that in all other respects the judgment appealed from be affirmed, costs of this proceeding to be paid out of funds of the Succession.