BLANCHARD, J.
The plaintiff, holder of defendant’s promissory note, secured by mortgage on certain real property, caused executory process to issue and under it the property was seized and offered for sale.
Victor Maumus became the adjudieatee for the sum of $2,400.00 cash. He was required to make a deposit of ten per cent, of his bid as earnest money, pending examination of the title of the property and execution of the-formal transfer to him.
He deposited $240.00 and forthwith employed counsel to examine the title and report upon its sufficiency.
The report of the counsel was adverse and' he advised Maumus not to accept the title. He also notified the sheriff and the attorney of the seizing creditor, laying before them in-writing his grounds of objection. He demanded for his client a return of the deposit money.
This demand remained unheeded, nothing-was done — no steps taken to remove the objections to the title which the counsel for theadjudieatee had pointed out.
After waiting some three months, a rule-was taken by Maumus on the sheriff and onNeuhauser to show cause why the adjudication to him should not be set aside and his-money — the deposit of $240.00 — returned to-him.
He set forth at length various objections to the title, which rendered it unsafe for him. to accept the same.
Among- others it was shown that in the year 1892 the property in question was acquired by Mrs. Blazine Barthe, wife of Jean D. Barthe; that to the act of sale the husband became a party for the purpose of aiding and authorizing his wife; and that in-the act it was stated the purchase was made by Mrs. Blazine Barthe with her own separate, paraphernal funds.
The price of the sale was $2,800.00, of which $1,000.00 was in cash, and for the remainder Mrs. Barthe executed her two notes, each for $900.00, secured by the vendor’s-privilege and special mortgage on the property. These notes were subsequently paid.
It was this property that Barthe, the husband, mortgaged to Neuhauser and Maumusbecame the adjudieatee of.
The contention of Neuhauser is that the property having been purchased under therégime of the community existing between Barthe and his wife, the presumption is it *828 fell into the community, and the husband, as head and master of the community, could legally mortgage it for a community debt as much so as though the title had been taken in his own name, and that the title must be accepted by the purchaser unless he (the. purchaser) shows it is in truth and in fact the separate property of the wife as having been purchased with her paraphernal funds.
Per contra, Maumus contends that having bid in the property upon the supposition that the title was unclouded, and having found on ■examination that it stood in the wife’s name, with a declaration on her and her husband’s part that she had purchased it with paraphernal funds, it was incumbent on Neuhauser to remove the cloud, and having notified Neuhauser of the difficulty and waited ■a reasonable time for him to take action for its removal and he not having done so, he (Maumus) was entitled to have the adjudication to him set aside and to receive back from the sheriff the earnest money he had deposited.
From a judgment canceling the adjudication and ordering the return to Maumus of the money he had deposited with the sheriff, Neuhauser appeals.
Ruling — Maumus bought the property — not the property plus a probable law suit of •doubtful issue. He cannot be forced to litigate with the wife the question of her ownership vel non of the property. It is the business of the seizing creditor to take steps to remove the difficulty and he cannot shift that burden upon the adjudicatee, who owes no ■duty to the creditor.
The obligation is upon the vendor to tender his vendee a safe title. The title in the instant case, standing in the name of the wife, with the declaration aforesaid of its purchase by her with paraphernal funds, is not a safe title. Such declaration concurred in by the husband estops him to deny it, and is binding on all parties claiming under and through him save forced heirs and creditors.
A community creditor who, like the one here, seeks to subject the property to his claim, and causes it'to be offered at public sale, with an invitation to the public to bid at the sale, is in no position to compel the successful bidder to accept the title and pay his money until the wife’s apparent claim is ■shown to be unfounded by proper proceedings taken by the creditor contradictorily with the wife.
The creditor in the instant case failed to take such action though notified by the adjudicatee of the difficulty in the way of his acceptance of the title.
After waiting a reasonable time, following such notification, the adjudicatee could properly take the action he did, viz.: — a proceeding against the seizing creditor and the sheriff to cancel the adjudication and recover back his money in the hands of the sheriff.
The creditor, without causing the wife to be made a party to the proceeding, endeavored to show that the property, though standing in the name of the wife, with her declaration and that of her husband that it had been bought with her separate funds, belonged to the community.
Even had this been shown, and a judgment entered up to that effect, the same would not be res judicata against the wife.
But it .was not shown. On the contrary, the evidence establishes the wife of Barthe was the owner of paraphernal means at the time of her purchase of the property sufficient in amount to have enabled her to buy it. Indeed, it was the wife, and not the husband, that is shown to be a property owner. And there was no satisfactory proof that the funds paid for the property were those of the community.
Had the creditor taken steps against the wife to uncover the property from the cloak of the wife’s name, she would have been compelled to rebut the presumption of its being eommunity property by adequate proof of its purchase by her 'with her separate funds, under her separate administration, as a reinvestment thereof. Succession of Burke, 107 La. 82, 31 South. 391.
But the adjudicatee cannot be expected to rely upon the mere presumption that the property is that of the community because purchased in the name of the wife during the existence of the community, and take the title with all of the attendant risks.
A purchase in the name of the wife is out of the ordinary and is, itself, sufficient to put a would be purchaser from the husband on his guard. Succession of Burke, 107 La. 83, 31 South. 391.
A case is presented here where the title on its face is suggestive of future and serious *830 litigation. It has been repeatedly held that an adjudieatee cannot be compelled to accept such a title. Beer v. Leonard, 40 La. Ann. 845, 5 South. 257; Mallard v. Dejan, 45 La. Ann. 1271, 14 South. 238; Lyman v. Stroudbach, 47 La. Ann. 71, 16 South. 662; Succession of Nash, 48 La. Ann. 1573, 21 South. 254; James v. Meyer, 41 La. Ann. 1100, 7 South. 618.
Judgment affirmed.