NICHOLLS, J.
This is an appeal by the-People’s Trust & Savings Bank, administrator-of the succession of J. T. Howell, from the judgment of the district- court sustaining an opposition of Mrs. A. M. Burton, now wife-of A. M. White, to the provisional account filed on the 16th of September, 1907, by said administrator, in the succession of J. T.. Howell.
The following is an extract from such, account:
The People’s Trust & Savings Bank, R. J. Hummel, Trust Officer, Administrator, in Account with.
May 17. To rent received from J. W. Brown ? 12 00-
********* Dec. To proceeds of sale of lands situated in the parish of West Feliciana sold by N. S. Dougherty, sheriff...... $5,000 00
Less sheriff’s costs ..........$ 2 30 ■
And commission 55 00
Clerk’s costs..... 3 50
Advertisement .. 15 00
State and parish taxes .......... 53 05
Sum retained by A. H. Weber, holder of special mortgage.. 2,192 82
$2,321 67 2,321 67
$2,678 33 2,678 33:
$4,285 15- , Or.
By hill of Costello & Co. for carriages at funeral ......................................$ 33 00*
* .* *•« * * * * *
By principal of mortgage note of date held by Mrs. A. M. White, née Burton........ 2,500 00”
Interest on said note from February, 1907, to December 20, 1907........................ 178 33
Cash on ‘hand to balance.................... 1,488 15
$4,285 16»
*958 Mrs. White opposed this account.
She alleged that she was a mortgage creditor of the deceased, J. T. Howell, in the sum of $2,500, together with interest thereon from February 1, 1907, together with 10 per cent, additional on amount of principal and interest as attorney’s fees, as is and was fully shown by the certificate of mortgages furnished by the sheriff! at the sale of this property; that the said note fell due on February 1, 1904, some years previous to J. T. Howell’s death; that as a favor to the said Howell she did not foreclose the said mortgage, hut allowed him to pay the interest from year to year as a special favor, and not that she did, or intended to, renew the note; that the note has never been renewed until this day; that the administrator, seeking to construe the favor on the part of appearer to J. T. Howell, deceased, into a renewal of the note, does not propose to allow appearer the attorney’s fees stipulated in said mortgage; that the mortgage affected property in the parish of West Feliciana, La., which has been sold, the proceeds from which sale the administrator is now seeking to make the proposed disbursements. Wherefore she prays that the said account be not approved, and that therefore the proposed disbursement be not made untii the court can determine the merits of this opposition, and for all general and equitable' relief in the premises.
On the trial of the opposition, opponent filed a copy of a promissory note executed by J. T. Howell, at St. Franeisville, on January 31, 1902, reading:
“On February 1, 1904, I promise to pay to the order of Mrs. A. M. Burton twenty-five hundred 00/ioo dollars, for value received, with interest at the rate of 8 per cent, per annum from date until paid in full. Payable at-. Interest to be paid annually. Due February 1, 1904. [Signed] J. T. Howell.”
The note is paraphed:
“Ne varietur secured by an act of mortgage executed before me this 31st day of January, 1902. [Signed] A. Villeret,
“Clerk and Ex Officio Notary Public.”
Indorsed:
“J. T. Howell.
“Interest on within note paid to Feby. 1/04.
“Int. paid to Feb. 1/05.
“ “ “ “ Feb. 1/06.
“ “ “ “ Feb. 1/07, $200.00.”
She also filed certificate of A. Yilleret,. clerk and ex officio recorder, parish of West Feliciana, La., certifying that it appeared from the records of his office that there was^ recorded in Mortgage Record P a mortgage in favor of Mrs. A. M. Burton and against Joseph T. Howell, for the sum of $2,500, represented by one promissory note for said sum of $2,500 with 8 per cent, interest from date,, payable February 1, 1904, and which said mortgage includes the clause of 10 per cent, attorney’s fees in case of suit, and operating upon and resting against the following described property: (Describing property.) Mortgage dated January 31, 1902.
The administrator filed the following letter from Mrs. A. M. Burton (now Mrs. A. M. White):
“Lawrenceburg, Tenn., Nov. 15, 1907.
“To the Estate of J. T. Howell, Baton Rouge:
“Some time since I wrote a letter, addressing it as above.. Mrs. Howell answered same, saying she had handed it to her lawyer. Having heard nothing from it, and noticing that some of the property in question is advertised, I must hear from you promptly or will have to resort to a legal investigation, which according to the note I hold will be at the expense of the estate. By way of explanation will say I hold the first mortgage on the plantation near Laurel Hill, West Feliciana parish, for $2,500, bearing 8 per cent, per annum. This note is due on the 5th of February, 1908. And I now for the second time ask for a full settlement of same. Kindly let me hear from you promptly on the subject. Hoping everything will be pleasantly adjusted, beg to remain,
“Very respectfully,
“[Signed] Née A. M. Burton,
“Die. A M W Now Mrs. A. M. White.”
“Address: Mrs. A. M. White, Lawrenceburg, Tenn.”
“Filed in evidence January 6, 1908.
“[Signed] T. E. McHugh, Clerk.”
The district court on January 27, 1908, rendered judgment decreeing that the opposition of Mrs. A. M. White to the said account be *960 sustained, and that she be allowed, in addition to the amount of her interest as recognized on said account, 10 per cent, attorney’s fees upon the principal and interest of the said mortgage.
“It is further ordered, adjudged, and decreed that the administrator pay out of the funds in his hands the debts recognized as due by said account.”
In the petition accompanying the provisional account, the administrator declared that it submitted a provisional account of the administration of the estate, whereby it is proposed to pay the first mortgage bearing upon property heretofore sold and also certain privileged claims.
It prayed that advertisement of the filing of the account be published, that after due proceedings it be homologated and approved, and the administrator authorized to make the disbursements shown by said account.
The administrator has appealed. Opponent has filed no prayer for an amendment of the judgment; but in the brief filed on her behalf the prayer is made that Mrs. White should have interest to February 1, 1908, in addition to attorneys’ fees.
The account which was opposed in this case was a mere provisional account, in which the administrator of the succession proposed to distribute and pay out of the funds of the succession then in his hands the debts therein recognized to the extent they were then due. The administrator could not know in advance on what exact day the note or the other claims admitted to be due would or could as a fact be paid by him. We do not understand that it was the purpose of the administrator to cut off, or attempt to cut off, interest which might accrue on the different debts beyond the date of the filing of the account up to the date of actual payment of the same. The homologation of the account as it was filed would not have had the effect of cutting off such subsequently accruing interest, and limiting interest on the claims to interest due up to the filing of the account. In the opposition filed by Mrs. White there was no question made or amendment asked as to payment of interest. The only claim made by her was that she was entitled under the circumstances then existing to be paid attorney’s fees.
The claim for attorney’s fees was made, so far as the opposition discloses, on the ground that the act of mortgage provided for them, and without reference to any facts going to show that any attorney’s fees had become demandable since, under the terms and conditions of the mortgage act. There is no evidence in the record tending to show that there had been any clash between opponent and the administrator which made the employment of an attorney and the institution of a suit necessary.
The first complaint made as to interest which we know of is that found in the brief of appellant’s counsel. If it was supposed that the account as homologated would or could prejudice opponent’s rights as to future interest, appellee should have prayed for an amendment of judgment, making that matter clear, and reserving her right of future interest. This, as we have said, was not done.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be amended, by striking out so much of the same as allows opponent, Mrs. A. M. White, 10 per cent, attorneys’ fees upon the principal and interest of the mortgage she holds. As so amended, the judgment appealed from is affirmed. Costs of appeal to be paid by the appellee.