————o————

### No. 6839.

## MRS. VIRGINIA CARTER, WIFE OF PHILIP G. VEITH, v. JEAN PUJOL.

### Syllabus.

A purchaser cannot be compelled by the vendor to accept a conveyance of property the title to which is involved in complicated and apparently serious litigation then pending.

Appeal from the Civil District Court, Parish of Orleans, No. 112,719, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

Fred G. Veith, for plaintiff and appellant.

E. J. Meral, for defendant and appellee.

Florence Loeber, attorney.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff is seeking to have defendant take title to certain real estate in compliance with his executory agreement of purchase.

An examination of the record satisfies us that the trial Court properly concluded that the condition of the title tendered is such that defendant should not be compelled to accept a conveyance.

In the first place plaintiff's title is founded primarily upon an alleged sale to her by her father. Upon the latter's death shortly thereafter, this transaction was attacked by one of the heirs as constituting a donation in

160

disguise, and the suit was regarded as of sufficient gravity by the present plaintiff to justify a compromise on her part by the purchase of this heir's pretensions in and to the property. And incidentally it might be stated that through a purchase from another heir made, not in plaintiff's name, but in that of her husband, there apparently still outstands a title adverse to the one which plaintiff now tenders to defendant.

In the next place, since that time two suits have been filed affecting the validity of plaintiff's title, one instituted before defendant agreed to purchase the property—a fact of which he was not apprised—and the other subsequent to his agreement of purchase; and both suits are still pending and undetermined though two years have elapsed since they were instituted.

The litigation presents intricate issues, primarily of fact, concerning intimate family relations peculiarly if not exclusively within the knowledge of the parties thereto and involving charges of misrepresentation and concealment on the part of plaintiff and of others through whom she claims to have fortified her title.

It is evident that to compel defendant to accept a conveyance will be to impose upon him the burden not only of an apparently serious and complicated litigation, but of a title which will remain wholly unmarketable until its validity has been judicially determined.. The Courts will not sanction the shifting upon an unwilling purchaser the duty of vindicating the title to the property under such conditions.

> *Beer v. Leonard,* 40 A., 845.
> *James v. Meyer,* 41 A., 1101.
> *Lockhard v. Smith,* 47 A., 121.
> *Neuhauser v. Barthe,* 110 La., 825.

We find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 22nd, 1917.