(78 South. 594)

No. 22628.

Succession of SAVOIE.

BOAGNI v. BREAUX.

(April 29, 1918.)

*(Syllabus by Editorial Staff.)*

BILLS AND NOTES ☞534—ATTORNEY'S FEES—
NECESSITY FOR SUIT—ADMINISTRATION.

One mortgage note recited that attorney's fees were to be due on default in payment at maturity in event that note was placed in hands of attorney for collection, or suit was brought thereon, and other notes recited that fees were to be due in event that notes were sued on or placed in the hands of an attorney or collector for collection. The maker died, and the holder, living in a different parish from that where the succession was pending and the administrator resided, wrote the latter demanding payment, and the administrator told him the notes would be paid in due course of administration, and the holder expressed his willingness to wait if the attorney of the succession would give him in a letter the assurance that his rights would be protected, and, the letter not having been received, the holder at the expiration of the time fixed for its furnishing placed the notes in the hands of an attorney. *Held*, that a necessity for suit existed, and attorney's fees were due from the administrator to the holder.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

In the matter of the succession of Azema Savoie. Judgment for the administrator, and the opponent, E. M. Boagni, appeals. Judgment set aside, and administrator ordered to amend his tableau by putting the opponent thereon as a creditor for attorney's fees.

Guilbeau & Walker, of Opelousas, for appellant. Mouton & Debaillon, of La Fayette, for appellee.

PROVOSTY, J. The opponent claims attorney's fees on certain mortgage notes for the capital and interest of which he figures on the administrator's tableau as a creditor. One of the notes recites that the fees are to be due "in the event default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection or suit is brought on same." The recital in the others is that the fees are to be due if the note is "sued upon or placed in the hands of an attorney or collector for collection."

A few days after the notes had fallen due, the opponent, holder of them, who lived in a different parish from that where the succession was opened and the administrator resided, wrote to the latter demanding payment. Several weeks later the administrator came to see him and told him that the mortgaged property was advertised for sale for the settlement of the succession, and that the notes would be paid in due course of administration. Opponent expressed his willingness to wait, provided the attorney of the succession would in a letter give him the assurance that his rights would be protected. This letter not having been received, the opponent, at the expiration of the time fixed for the furnishing of it—one week—placed the notes in the hands of an attorney.

The ground for resisting the payment of the fees is that the notes were going to be paid in due course of administration, and that therefore there was no necessity for placing them in the hands of an attorney. And the cases of Successions of Burke, 107 La. 85, 31 South. 391, Succession of Howell, 121 La. 960, 46 South. 933, and Succession of Foster, 51 La. Ann. 1670, 26 South. 568, respectively, are cited where the condition in the contract, either in express terms or by necessary implication, required that there should be a necessity for suit, and the court held that such necessity had not been shown.

Even if the condition expressed in said notes was the same as that in these cases, so as to either express or imply that a necessity for suit should exist in order that the fees should be due (a point not necessary to be considered, and which therefore we do not consider), we think that, under the circumstances hereinabove stated, such necessity existed.

The judgment appealed from is set aside, and the administrator is ordered to amend his tableau by putting the opponent thereon as a creditor for these attorney's fees, all costs to be paid by the succession.