No. 9184
First Circuit

N. AND C. PHILIPS v. A. V. LORENZO; KATHERINE TYLER, Intervenor, Appellant

(October 19, 1925, Opinion and Decree)
(November 2, 1925, Rehearing Refused)
(December 4, 1925, Writ of Certiorari and Review Denied by Supreme Court)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant —Par. 102.**

A provisional seizure of the furniture of a sublessee illegally issues after the sublessee has deposited in court the total amount of the rent due and to become due subject to the claims of the original lessor and of the holder of the notes issued for rent by the sublessee.

Appeal from Civil District Court, Hon. Percy Saint, Judge.

In this suit the plaintiff issued a provisional seizure after defendant had deposited amount due on the rent in another suit on appeal.

Judgment of provisional seizure reversed as having been illegally issued.

Prowell and McBride, of New Orleans, attorneys for plaintiff, appellee.

Chas. Louque, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a sequel to the case of Katherine Tyler vs. Mercantile Agency just decided.

This suit was filed September 19, 1922, two months after the Tyler case.

In this case the plaintiffs allege that they leased the premises 1404 Bordeaux Street to A. V. Lorenzo for $40 per month and that he had not paid the rent for the four months June, July, August and September; that they have a privilege upon the effects contained in the leased premises; that "it lies in the power of defendant to remove or dispose of the aforesaid prop-

erty during the pendency of this suit and thereby depriving the petitioners of their lien and privilege". They prayed for a provisional seizure and for judgment against defendants for $160 and ten per cent attorney's fees and interest on the notes and for recognition of their privilege upon the effects seized in premises No. 1404 Bordeaux Street.

An order for provisional seizure was signed and issued and the property of Katherine Tyler contained in the leased premises was seized.

Katherine Tyler intervened in this suit in the following proceedings:

"On motion of Charles Louque, attorney for Kate Tyler, and on suggesting to. the Court that your mover was the subtenant of A. V. Lorenzo, who sublet to your mover with the full consent of the plaintiffs; and on further suggesting that your mover paid her rent to the plaintiffs on March 20, 1922, and May 5th; that same was accepted, that she further deposited all the rent due or to become due to the end of her lease in the registry of this Honorable Court by a bill of interpleader under No. 143,194; that the plaintiffs had no right to issue a provisional seizure directed to your mover's furniture;

"It is ordered by the court that Miss Norma and C. Philips do show cause on the 17th of October 1922, why the writ of provisional seizure herein issued should not be dissolved and this suit consolidated with 143,194 of this court."

By judgment rendered November 22, 1922, the two suits were consolidated, but on November 28, 1922, "a new trial was granted and the motion for consolidation refused". An appeal from said order was refused Kate Tyler.

The defendant, Lorenzo, made no defense to the suit and judgment was rendered against him for $160 "maintaining the writ of provisional seizure and recognizing plaintiffs' lien and privilege on the furniture and effects in the premises No. 1404 Bordeaux Street and for costs".

From this judgment "as regards the provisional seizure", Kate Tyler took a suspensive appeal.

A motion to dismiss her appeal was made in this court, and was refused by this court.

It is evident that the provisional seizure was improvidently issued in this case. A provisional seizure under Article Code of Practice 287 issues not "when it lies in the power of defendant to remove or dispose" of the effects in the leased premises, but when plaintiff "has good reasons to believe that said lessee will remove the furniture or property on which he has a lien or privilege out of the premises and that he may be thereby deprived of his lien".

Plaintiff mistook the affidavit required in a case of sequestration under Act 190 of 1912.

In this case it is true, plaintiff had a privilege upon Kate Tyler's furniture contained in the leased premises, so far as she was indebted to Lorenzo upon the date of the issuance of the writ, September 19, 1922. But on that date she had deposited the whole amount due and become due by her $160, in the registry of the court. The plaintiffs in this suit had been made parties to that proceeding and had answered setting up their superior rights to the money so deposited. It results from that deposit so made by Kate Tyler that she was not indebted to Lorenzo at the date of the seizure of her effects, because she had paid all her indebtedness to him, past and future, by making that deposit.

A deposit made under such circumstances is equivalent to a payment and entinguishes the debt.

In the case of Lambert vs. Ins. Co., 50 La. Ann. 1037, 24 South. 16, where the defendant, the insurance company, had deposited in court the full amount due by it to satisfy the demands of two claimants to the fund, the Supreme Court said:

"We believe it a just principle to announce that an innocent stake holder, without interest in a pending litigation, depositing in court the full amount he owes, or in his hands, and which is the object of dispute between contesting claimants, the rightfulness of whose claims is the object of the litigation should be relieved of further liability and not held for interest and costs subsequently accruing."

Neither interest nor attorney's fees are due on a writ for executory process, when it does not appear that a suit was necessary. Abraham & Son vs. New Orleans Brewing Assn., 110 La. 1013, 35 South. 268; Succession of Howell, 121 La. 960, 46 South. 933; Succession of Burke, 107 La. 85, 31 South. 391.

It thus appearing that there was no necessity for the issuance of the provisional seizure to secure plaintiffs' claim, we must conclude that it was improvidently issued.

It is therefore ordered that so much of the judgment herein as maintains the writ of provisional seizure herein as against Katherine Tyler and recognizes plaintiffs' lien and privilege on her furniture and effects in the premises No. 1404 Bordeaux Street be reversed and set aside, and that the plaintiffs pay the costs of said provisional seizure and of this appeal.