ST. PAUL, Justice.
 

 The Meriwether Supply Company was placed in the hands of a receiver as a going concern. The receiver acknowledged certain debts of the concern and proceeded to pay thereon three dividends of 10 per cent. each. The Johns-Manville Corporation was a creditor for §6,000 represented by notes bearing interest at 6 per cent, and containing a clause that “in the event of non-payment at maturity it is agreed to pay all attorneys’ fees incurred in the collection of this note or any portion thereof including interest, which fees are hereby fixed at ten per cent, on the amount to be collected.”
 

 The receiver acknowledged the principal of the notes and also the interest thereon, but ■he tendered dividends only on the principal of the notes and ignored entirely the interest thereon; whereupon Johns-Manville Corporation placed their claim in the hands of their attorneys.
 

 Interest is inseparable from the principal on which it accrues and is an integral part thereof. Faurie v. Pitot, 2 Mart. (O. S.) 83; Saul v. His Creditors, 7 Mart. (N. S.) 440; Harty v. Harty, 2 La. 518; Bringier v. Gordon, 14 La. Ann. 274. Accordingly, the dividend should have been calculated on interest as well as principal.
 

 Opponent, Johns-Manville Corporation, also claims attorneys’ fees on the amount of the dividends. To this, we think, it is entitled. A stipulation for attorneys’ fees in case an obligation should not be paid at maturity, and the services of an attorney are necessary for the collection thereof, is a stipulation for liquidated damages and becomes due in full when the obligation is not paid at maturity and the services of an attorney become necessary to enforce the same, regardless of the extent or value of said services. First National Bank v. Mayer, 129 La. 981, 57 So. 308; Renshaw v. Richards, 30 La. Ann. 398; In re J. D. Connell Iron Works Co., 138 La. 702, 70 So. 617.
 

 Succession of Burke, 107 La. 82, 31 So. 391, 393, and Succession of Howell, 121 La. 955, 46 So. 933, have no application. In the first, the-opponent’s claim had been placed on the account in full without ever having been placed' in the hands of an attorney, and the only services rendered in connection with the matter was an attempt to collect attorneys’ fees in addition to the full amount of the claim already allowed. “It does not appear' that the-note was ever sued upon, nor payment there*of demanded through an attorney. Had such; been the case, the allowance for the attor
 
 *519
 
 ney’s fees stipulated for would have been proper; without it, it was improper.” In Succession of Howell, 121 La. 955, 46 So. 933, the situation was the same; the principal and interest of the obligation were not involved and the attorney was rendering no services in connection therewith, but seeking merely to recover attorneys’ fees over and above the principal and interest which were undisputed and about to be paid. In other words, those cases hold that, where an attorney has been employed, not for the purpose of collecting any part of the debt itself, but for the sole purpose of mulcting the debtor with the attorneys’ fees, such attorneys’ fees will not be allowed. •
 

 Liberty Central Trust Co. v. Gilliland Oil Co., 289 F. 75, is a decision by a District Court. In that case attorneys’ fees were ae-' tually allowed, but, by reason of special circumstances, the allowance was made on a basis of quantum meruit instead of contract; but we find no warrant in our law for any such proceeding.
 

 In the- case before us, Meriwether Supply Company had bound itself to pay the fees which the Johns-Manville Corporation should incur in the collection of the note, not exceeding 10 per cent. When the Meriwether Supply Company went into the hands of a receiver it was manifestly incumbent upon Johns-Manville Corporation to watch the proceedings in the receivership to the end that they should receive their just proportion of its assets. This they might have done personally or through an attorney at their own expense. But since their contract entitled them to recover their attorneys’ fees from the Meriwether Company, we think they are also justly entitled to recover them from the receiver. We think the trial judge erred in failing to allow opponent, Johns-Manville Corporation, dividends upon the interest claimed and attorneys’ fees upon said dividends.
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the receiver herein pay to the opponent, Johns-Manville Corporation, dividends on interest as well as capital and 10 per cent, attorneys’ fees on the amount of dividends. 'All costs to be paid by the receivership.