374 So.2d 149 (1979)
FIDELITY NATIONAL BANK OF BATON ROUGE
v.
Thomas L. PITCHFORD.
No. 12720.
Court of Appeal of Louisiana, First Circuit.
July 16, 1979.
*150 Roland C. Kizer, Jr., Baton Rouge, for plaintiff-appellee Fidelity Nat. Bank of Baton Rouge.
George R. Covert, Baton Rouge, for defendant-appellant Thomas L. Pitchford.
Wm. H. Cooper, Baton Rouge, for intervenor-appellee, Al Amiss, Sheriff.
Before ELLIS, LOTTINGER and LEAR, JJ.
ELLIS, Judge.
Plaintiff, Fidelity National Bank of Baton Rouge, foreclosed via executiva on certain property belonging to defendant, Thomas L. Pitchford. After the sale, plaintiff converted the action to one via ordinaria, and sought a deficiency judgment for some $25,460.07 plus 9.25% interest from April 19, 1975, until paid, plus 25% of both principal and interest as attorney's fees, plus $19,556.19 in attorney's fees allegedly due as a result of the sale under executory process. After defendant's motion for summary judgment was denied, plaintiff moved for summary judgment as prayed for, which was granted. From that judgment, defendant has appealed.
The first contention made by the defendant is that a deficiency judgment was not appropriate in this case because there was not a proper appraisal. It is alleged that the appraisal made was not proper because defendant was not notified to appoint an appraiser.
The following provisions of the Code of Civil Procedure are pertinent:
"Art. 2771. The creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723."
"Art. 2723. Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage or privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for."
R.S. 13:4363(A) prior to the 1978 amendment, provided as follows:
"Not less than three days, exclusive of holidays, before the sale of seized property, the sheriff shall serve a written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least twenty-four hours prior to the time of the sale."
The record in this case reveals that on March 8, 1978, defendant was personally served with the notice of seizure required by law. At the foot thereof appears the following language:
"You are further notified, in event you want to appoint an appraiser, to advise this office on or before the 13 day of April 1978 the name of the appraiser."
On the same day, a separate notice to appoint an appraiser was served on the plaintiff, headed "NOTICE TO APPOINT APPRAISER" in large letters and reading as follows:
"Notice is hereby given you to appoint an appraiser in the above entitled and numbered suit and notify this office of said appointment on or before the 13 day of April 1978."
Defendant argues that he is entitled to a separate notice to appoint an appraiser, similar to that served on plaintiff, and that the notice which he received, which he claims to be couched in equivocal terms and "hidden" in the notice of seizure, is legally inadequate.
In ruling on the point, the trial judge said:

*151 "The question then is whether the defendant is entitled to a separate notice as was directed to the plaintiff in this case, and if so, whether the language employed on the notice of seizure is in accord with the statutory mandate of Article 4363. After a thorough review of the codal authority and jurisprudence bearing on the issue, the Court is of the opinion that while the procedure employed by the sheriff's office could be improved upon, there has been an adequate compliance with requirements of the law. In this regard, the jurisprudence is uniform to the effect that executory process is a harsh remedy and that each step in the executory process must be carried out in strict compliance with the letter of the law as is set out in the Code of Civil Procedure and the applicable jurisprudence. Myrtle Grove Packing Company v. Mones, 226 La. 287, 76 So.2d 305 (1954); Slidell Building Sup. Inc. v. I.D.S. Mortgage Corp., 273 So.2d 343 (La.App. 1st Cir. 1972); Neff v. Ford Motor Credit Company, 347 So.2d 1228 (La.App. 1st Cir. 1977). However, the courts have refused to annul judicial sales in those instances where the property was sold after appraisement without prejudice to the debtor, although there may have been some minimal variance in the executory process procedure carried out in the proceeding. Associate [Associates] Discount Corp. v. Small, 221 So.2d 658 (La.App. 2nd Cir. 1969); Stockman v. Money, Inc., 277 So.2d 504 (La.App. 1st Cir. 1973); Brown v. Everding, 357 So.2d 1243 (La. App. 2nd Cir. 1978). It should be noted that the defendant does not assert, nor does his counsel argue, that he was prejudiced by the appraisement of the property which was made following the notice to him."
We concur with the reasons of the trial judge, which correctly dispose of the question.
Defendant's other specification of error is that the attorney's fee of 25% stipulated in the note sued on is excessive, and should be reduced. He cites the recent case of People's Nat. Bank of New Iberia v. Smith, 360 So.2d 560 (La.App. 4th Cir. 1978), in which case the Court of Appeal found such a fee to be excessive. This case ignores the established jurisprudence of Louisiana, as expressed in the case of W. K. Henderson Iron Wks. & S. Co. v. Meriwether S. Co., 178 La. 516, 152 So. 69 (1934):
"A stipulation for attorneys' fees in case an obligation should not be paid at maturity, and the services of an attorney are necessary for the collection thereof, is a stipulation for liquidated damages and becomes due in full when the obligation is not paid at maturity and the services of an attorney become necessary to enforce the same, regardless of the extent or value of such services."
We find the contention relative to the attorney's fee to be without merit.
There are, however, two errors in the judgment, which we must correct. After the sale, the sum of $52,764.69 was applied to the principal and interest due. The stipulated attorney's fee of 25% on that amount would be $13,191.17, rather than the $19,556.19 awarded in the judgment. We also note that the affidavit filed in support of plaintiff's motion for summary judgment shows the principal balance due after the sale to be $24,460.70 rather than the $25,460.07 awarded in the judgment.
The judgment appealed from is therefore amended so that there will be judgment in favor of plaintiff in the sum of $24,460.07, together with interest at the rate of 9¼ per annum from April 19, 1978, until paid, plus 25% of the principal and interest due as attorney's fees, plus $13,191.17 additional attorney's fees, and for all costs of these proceedings.
AMENDED AND AFFIRMED.