CHEHARDY, Judge.
Ronald Treadway, intervenor, appeals from a trial court judgment rendered September 24,1979 and signed October 1,1979, ordering judgment in favor of plaintiff, Donald Pitts, and against defendant, Gulf South Divers, Inc., and further ordering the clerk of court to pay attorney fees to George Scariano, attorney for Donald Pitts, in the sum of $4,000 and all costs of the proceedings.
Plaintiff petitioned the trial court on March 21, 1979 for executory process as holder of a note made by Gulf South Divers, Inc., and signed by Ronald Treadway in the amount of $20,000. The note recited that the signer promised to pay this amount “two years after date” with interest at the rate of 8% per annum from maturity until paid and stated:
“ * * * [I]f it becomes necessary to place note in the hands of an attorney for collection of same or any part thereof, including interest, whether with or without suit to pay attorney’s fees which are hereby fixed at 25% per cent, on the amount collected or sued for. The makers, endorsers and sureties on this note, jointly and severally waive, presentment for payment, protest and notice of protest for non-payment. Payments as made shall be imputed first to the payment of interest and the balance thereof to payment on principal; this process to continue until payment of the entire obligation.”
The note was signed only by Ronald Tread-way under the name “Gulf South Divers, Incorporated.”
Additionally, a conventional mortgage was executed on October 20, 1976, in connection with the above-described note, encumbering a piece of immovable property in Belle Chasse in the parish of Plaquemines. The following corporate resolution was attached to the mortgage and mentioned therein:
“BE IT RESOLVED by the board of Directors of GULF SOUTH DIVERS, INCORPORATED at a regularly held meeting of the Corporation on October 12, 1976 that this Corporation hereby authorizes Ronald Treadway to purchase Real Estate hereinafter described on Exhibit 1 attached hereto and made part hereof from Donald E. Pitts on the basis of $56,000.00 sale price, $16,000.00 of which shall be cash and for the balance thereof of $40,000.00 the corporation will assume that certain vendor’s lien and mortgage of Donald E. Pitts in favor of Security Homestead Association in the amount of $42,000.00 dated May 1974 recorded at MOB 76, folio 712 of the Plaquemines Parish records.
“Ronald Treadway is further authorized to execute a mortgage on the property to be acquired from Donald E. Pitts in the amount of $20,000.00 payable to the order of holder or holders bearing interest at the rate of 8.00% percent per an-num from maturity and payable to [sic] years after date and said mortgage to be executed by Ronald Treadway and the note given to holder or holders to obtain funds for payment of the cash portion of the sale price.”
Attached to the above resolution was a description of the property involved in this transaction.
Contained in the trial court record is also a copy of the following letter, dated February 26, 1979:
“Mr. Ronald Treadway
Gulf South Divers, Inc.
P.O. Box 490
Belle Chase [sic], Louisiana 70039
Dear Mr. Treadway:
Please be advised that Don Pitts has turned over to me for collection the mortgage nóte of Gulf South Divers, Inc., dated October 20, 1976, in the amount of $20,000.00. Please let this serve as formal demand for payment in full of the sum of $20,000.00, principal; $533.33, interest; and $5,133.33, attorney’s fees. If payment is not made within the next ten (10) days, I have been instructed to begin legal proceedings in order to enforce foreclosure on the mortgage.
Additionally, as you know, the $16,-000.00 in cash that was suppose [sic] to be *67 paid to Mr. Pitts at the time of the sale was not paid and please let this serve as formal demand for payment of that money to him within the same period of time.
Very truly yours,
ARMENTOR & WATTIG-NY
Gerard B. Wattigny”
On March 21, 1979, Pitts filed a petition for executory process against Gulf South Divers, Inc., asking for a writ of seizure and sale of the subject property, petitioner to be paid the amount of his claim in preference over all other persons.
On June 5, 1979, Wayne C. Giordano, liquidator of Gulf South Divers, Inc., asked the court by answer to enjoin the executory process with a temporary restraining order and injunctive relief.
On June 14,1979, the trial court rendered the following judgment:
“By way of a joint stipulation in open court of Mr. George Scariano, attorney for Plaintiff, Donald Pitts, and Mr. Wayne Giordano, attorney, Liquidator of Gulf South Divers, Inc.:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the interest on the note dated October 20,1976, in the amount of $20,000.00 maturing on October 20,1978, be and is hereby waived from the date of maturity.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Allen Lobrano, Clerk of Court, in and for the Parish of Plaquemines, issue to Mr. Donald Pitts, the holder of said note, a check in the sum of $20,000.00, to be paid out of the fund on deposit in the Registry of the Court in this case.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Allen Lobrano, Clerk of Court, in and for the Parish of Plaquemines, issue to Mr. Wayne Giordano, Liquidator of Gulf South Divers, Inc., a check for $10,000.00 to be paid out of the fund on deposit in the Registry of the Court in this case.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the remaining $5,000.00 on deposit in the Registry of the Court be left in escrow until such time as a Rule is heard to determine attorney’s fee and court cost, excluding legal interest, is due and owing on said note.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Allen Lobrano, Clerk of Court, in and for the Parish of Plaquemines, cancel the mortgage recorded in MOB 86, Folio 762 and the Notice of Seizure recorded in MOB 100, Folio 701.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the issuance of a Permanent Injunction in this matter is moot and that the sale of said property be and is hereby canceled.”
The October 1, 1979 judgment, which in-tervenor Treadway now appeals, states:
“The rule to show cause why defendant should not pay attorney’s fees and court costs in these proceedings was had before this Court on September 24, 1979.
“PRESENT: George Scariano, attorney for Donald Pitts; Wayne C. Gior-dano, liquidator of Gulf South Divers, Inc.
“After hearing the evidence and argument of counsel, and the Court being of the opinion that the law and evidence is in favor of mover;
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the rule be made absolute and accordingly that there be judgment herein in favor of Donald Pitts and against defendant, Gulf South Divers, Inc., ordering that the Clerk of Court pay attorney’s fees to George Scariano, attorney for Donald Pitts, in the sum of Four Thousand and 00/100 ($4,000.00) Dollars and pay all costs of these proceedings including the cost due the Clerk of Court and the Sheriff of Plaquemines Parish and the balance in the Registry of the Court to be paid to Wayne Giordano, Liquidator of Gulf South Divers, Inc.”
We cannot agree with appellee’s argument that the appellant, Treadway, had no right to intervene in this case at the *68 appellate level. Plaintiff cites the case of Dawson Engineers, Inc. v. Lemel Iron Works, Inc., 307 So.2d 771 (La.App. 1st Cir. 1975), where a corporation’s president was held as lacking sufficient interest to intervene on the appellate level in a suit brought against the corporation as defendant; however, we hold, due to the fact that Gulf South Divers, Inc., is a closed corporation, wherein Pitts and Treadway are both 50% shareholders, and this corporation is now in liquidation, Treadway has sufficient interest to intervene in the present suit for review before this court. In support of this holding, we refer to the case of Andrus v. Police Jury of Parish of Lafayette, 266 So.2d 535 (La.App. 3d Cir. 1972), wherein the court stated the general legal principles involved in intervention at page 538:
“Any person who could have intervened in the trial court may appeal whether or not any other appeal has been taken. C.C.P. Article 2086. In providing for intervention in Louisiana, the redactors of the Code of Civil Procedure adopted the civil law theory of intervention because it is more suited to the implementation of our substantive law. This civil law theory requires a connexity between the right asserted by the interve-nor and the original suit and allows a third person to enforce through the intervention, the right of one or more of the original litigants when his own rights would be prejudiced by the non-enforcement thereof.
“Thus, C.C.P. Article 1091 states that: ‘A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
‘(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
‘(2) Uniting with defendant in resisting the plaintiff’s demand; or
‘(3) Opposing both plaintiff and defendant.’
The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the correction of a judgment of an inferior court, and such right is exended [sic] not only to the parties to the suit in which the judgment is rendered, but also to a third party when such third party is allegedly aggrieved by the judgment. * * * ”
We can find no merit, however, in Treadway’s argument that the note he signed indebting Gulf South Divers, Inc., contained a potestative condition, which was defined thusly in the case of Martin-Parry Corp. v. New Orleans Fire Detection S., 221 La. 677, 60 So.2d 83, 85 (1952):
“A potestative condition is stated by Article 2024 of the LSA-C.C. to be one <* * * which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.’ Hence, the nature of the condition is such that it depends upon the occurrence of an event, uncertain in that only one party to the contract is given the right, through whim or caprice, to either bring about the event or hinder it; that is why such a condition, which is purely potestative, renders the obligation null as to the obligor.”
The signer of the note was Treadway, and, obviously, he was obligating not only the corporation to pay the amount of the note when it came due, but also himself to sign a corporate check in payment of the amount at that future date specified in the note. In our opinion this transaction did not contain a potestative condition.
Jefferson Bank and Trust Company v. Post, 312 So.2d 907 (La.App. 4th Cir. 1975), sets forth the rights of attorneys to fees when employed to collect on promissory notes wherein provision is made for attorney fees. In Jefferson, supra, the court held at page 909:
“It is clear from a reading of W. K. Henderson Iron Wks. & S. Co. v. Meriwether S. Co., 178 La. 516, 152 So. 69 (1934) that attorney’s fees become due whenever the obligation is not paid and *69 the note is placed in the hands of an attorney for collection. In the instant case, no dispute exists that the debtors did default on the note, that the note was placed in the attorneys’ hands for collection, and that the attorneys instituted executory process against the debtors resulting in the seizure and sale of the property. We fail to find relevance in the fact that the attorney’s fees were collected through a subsequent sale of the property rather than through a deficiency judgment. Once the note is placed in the hands of attorneys for collection, the attorney’s fees stipulated for belong to the attorney so employed. * * * ” (Emphasis ours.)
We affirm the trial court’s judgment awarding George Scariano, attorney for Donald Pitts, $4,000 attorney fees. Defendant, Gulf South Divers, Inc., is to pay all costs of the proceedings.

AFFIRMED.