468 So.2d 849 (1985)
Ruth Purvis GRAHAM
v.
SEQUOYA CORPORATION, David M. Ferrell, and Samuel Davidson.
No. 84 CA 0336.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Rehearing Denied May 20, 1985.
Writ Granted June 28, 1985.
Michael Patterson, Baton Rouge, for defendant-appellant.
Karl W. Cavanaugh, Baton Rouge, for plaintiff-appellee.
*850 Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This appeal arises out of a suit brought by mortgage creditor Ruth Purvis Graham (appellee) against mortgage debtors, Sequoya Corporation, David Ferrell and Samuel Davidson (appellants), seeking to recover the alleged indebtedness together with interest, cost, and attorney's fees. Subsequently, the parties settled as to the principal, interest, and cost, leaving attorney's fees as the only remaining issue. While this issue was pending, the Louisiana Legislature passed Act 483 of 1983 which provided that attorney's fees stipulated in a promissory note are collectible. Subsequently, the trial court determined that the Act was retroactive in this instance and rendered judgment in favor of appellee for the full amount stipulated.[1] We affirm.
Appellants took a suspensive appeal alleging two assignments of error:
1) The trial court erred in applying Act 483 of 1983 retroactively.
2) Act 483 of 1983 is unconstitutional, being an attempt of the legislative branch of government to usurp a power belonging to the judiciary.
In 1976, at the time the promissory note and mortgage were executed, and acquired by the appellee, it was well settled law in Louisiana that stipulated attorney's fees in a promissory note were enforceable as liquidated damages. See La.Civ.Code art. 1935 before Act 483 of 1983; also see W.K. Henderson Iron Wks. & S. Co. v. Meriwether S. Co., 178 La. 516, 152 So. 69 (1934); Fidelity National Bank v. Pitchford, 374 So.2d 149 (La.App. 1st Cir.1979). However, by the time appellee filed suit on the note in June of 1983, the Louisiana Supreme Court had overruled its decision in W.K. Henderson Iron Wks. by permitting courts to inquire into the reasonableness of attorney's fees fixed in a note. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). While appellee's suit was pending, in response to the decision in Leenerts Farms, the legislature passed Act 483 of 1983,[2] in July of 1983, amending La.Civ.Code art. 1935 to clearly provide for the collection of interest and attorney's fees if stipulated in the note. The Supreme Court's decision in Leenerts Farms that it could regulate the fees stipulated in the mortgage note turned on its holding that the provision for attorney's fees in the note was not one for liquidated damages. Therefore, the fees did not belong to the creditor but to the attorney and were subject to the Supreme Court's power to regulate the practice of law. This rationale was undermined by Act 483 which states the creditor, and not the attorney, is entitled to the fee. See Note, Attorney Fees Provisions and Promissory Notes, 44 La.L.Review 831 (1984).
As a general rule, laws are deemed to be prospective in effect unless their language clearly indicates otherwise. LSA-C.C. Article 8; LSA-R.S. 1:2; Procell v. Insurance Company of North America, 425 So.2d 860 (La.App. 3rd Cir.1983), writ denied, 430 So.2d 69 (La.1983); Green v. Liberty Mutual Insurance Company, 352 *851 So.2d 366 (La.App. 4th Cir.1977), writ denied, 354 So.2d 210 (La.1978); Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3rd Cir.1974), writ denied, 305 So.2d 134 (La.1974). Exceptions to this principle are laws which are: 1) interpretative (Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La. 1975); 2) remedial or curative (Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2nd Cir.1961); 3) procedural. Also see Green v. Liberty Mutual Insurance Company, supra.
Appellants contend that La.Civ.Code art. 1935 as amended by Act 483, falls within the general rule of prospective operation. We do not agree because we believe the act is curative and is entitled to retrospective application. We have recognized that "Statutes ... are curative in the sense they remove past disabilities in order to effect the true intent of the legislature, Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961)", Breazeale v. CNA Ins., 417 So.2d 27, 28 (La.App. 1st Cir.1982). "Such acts are, by their very nature, intended to operate on past transactions, and are necessarily retrospective. 82 C.J.S. Statutes § 430 P. 1002", Fullilove, supra at p. 824.
Because the 1983 Act was adopted in July 1983 and the Leenerts Farms case was handed down in October, 1982, a reasonable argument can be made that the intent of the legislature was to legislatively change the results of the Leenerts Farms case. Indeed the legislative history of the 1983 Act reflects that it was the specific intent of the legislature. To that extent the statute would be curative in nature. Under the circumstances, from our reading of the legislative history contained within the record, we conclude that amended La. Civ.Code art. 1935 is curative of its past disabilities and is to be retroactively applied in the instant case.[3]
Appellant next contends that Act 483 is unconstitutional, being an attempt of the legislative branch of government to usurp a power belonging to the judiciary.
We will not consider the issue of the constitutional validity of Act 483 for the following reasons. The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984) and cases cited therein. The plea of unconstitutionality must be specifically pleaded to be considered by the court. Lemire v. New Orleans Public Service, Inc., supra, and cases cited therein. No assertion of unconstitutionality was pled prior to the brief filed in this court. See Lemire v. New Orleans Public Service, Inc., supra. Accordingly, we do not reach the issue of the unconstitutionality of Act 483 of 1983.
The judgment of the trial court is affirmed, at appellants' cost.
AFFIRMED.
NOTES
[1] 25% of the principal and interest due was stipulated in the note as the attorney's fees upon default.
[2] ACT No. 483HOUSE BILL NO. 1166 BY MR. GAUDINAN ACT To amend and reenact Civil Code Art. 1935, relative to obligations for payment of money, to provide with respect to an agreement to pay attorney fees, and otherwise to provide with respect thereto.

Be it enacted by the Legislature of Louisiana:
Section 1. Civil Code Art. 1935 is hereby amended and reenacted to read as follows:
Art. 1935. Damages for non-payment of money; interest; attorney fees
The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more. But where the parties, by contract in writing, have expressly agreed that the debtor shall also be liable for the creditor's attorney fees in a fixed or determinable amount, the creditor is entitled to that amount as well.
Approved by the Governor, July 6, 1983.
[3] We note that since this appeal has reached us, the Legislature has repealed and reenacted the entire Book III of the Civil Code effective January 1, 1985, and that Article 1935 is now part of Article 2000.