**In re 268 LIMITED, a Nevada Limited Partnership, Debtor.**

**Bankruptcy No. BK–S–82–1071.**

United States Bankruptcy Court, D. Nevada.

April 17, 1987.

Joshua M. Landish, Las Vegas, Nev., for debtor.

Robert J. Gower, Las Vegas, Nev., for movant.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Chief Judge.

The case at bar is in this Court on remand from the Ninth Circuit Court of Appeals. That court previously determined that attorney's fees awarded as a secured claim under Bankruptcy Code section 506(b), 11 U.S.C. section 506(b), may not exceed an amount determined by the bankruptcy court to be reasonable. *In re 268 Limited*, 789 F.2d 674 (9th Cir.1986). The issue on remand is whether a creditor may recover as an unsecured claim the full amount of attorney's fees provided for in a deed of trust when those fees exceed a reasonable amount.

## FACTS

The Debtor, 268 Limited ("Debtor"), a Nevada limited partnership, purchased an apartment complex from Joseph F. Sanson Investment Company ("Sanson"). Sanson retained a security interest in the property evidenced by a note secured by a first deed of trust. The deed of trust provided that upon default by the Debtor and sale of the property, five percent of the balance remaining due at the time of default would be paid to Sanson as attorney's fees. An involuntary Chapter 11 petition was later filed against the Debtor after which the Debtor defaulted on the Sanson obligation and the property was sold. The sale yielded approximately $1,000,000 in excess of the outstanding principal.

Pursuant to Bankruptcy Code section 506(b), Sanson applied to this Court for $197,500 in attorney's fees as provided for in the deed of trust. This Court determined, Judge Lloyd D. George sitting, that fees sought under section 506(b) should be limited to an amount that was reasonable under the circumstances and awarded Sanson $20,000. On appeal, the ninth circuit affirmed this Court's conclusion that attorney's fees awarded under section 506(b) are limited to a reasonable amount, and affirmed the award of $20,000 in fees. The appellate court remanded the case so that Sanson could seek a determination of the balance of the attorney's fees as an unsecured claim. Sanson then filed an unsecured claim against the bankruptcy estate for $177,500 plus interest. The Debtor objected to Sanson's claim and, after a hearing and submission of briefs, the Court took the matter under advisement.

## DISCUSSION

The only remaining question in this matter is whether, under Nevada law, Sanson is entitled to recover the full amount of the fees provided for in the deed of trust. In Nevada, a deed of trust may contain an attorney's fee provision. Nev.

Rev.Stat. section 107.030(7). Section 107.030(7) states in relevant part:

> COVENANT NO. 7. That the trustee, upon such sale, shall make (without warranty), execute and, after due payment made, deliver to purchaser or purchasers, his or their heirs or assigns, a deed or deeds of the premises so sold which shall convey to the purchaser all the title of the grantor in the trust premises, and shall apply the proceeds of the sale thereof in payment, firstly, of the expenses of such sale, together with the reasonable expenses of the trust, including counsel fees, in an amount equal to ____ percent of the amount secured thereby and remaining unpaid, which shall become due upon any default made by grantor in any of the payments aforesaid; ....

The deed of trust executed by the Debtor contained the statutory covenant and designated five percent as the attorney's fees. Where there is such contractual fee arrangement, a creditor may seek the full amount of the fees as an unsecured claim to the extent it is enforceable under state law. *See 268 Limited*, 789 F.2d at 678 (creditors with valid contractual fee claims may seek unpaid portion as unsecured claim).

Determining the enforceability of the attorney's fee provision in the case at bar requires consideration of two questions. The first is whether the attorney's fees sought by Sanson pursuant to the deed of trust are subject to a reasonableness determination. If so, the second question is whether the fees sought by Sanson are reasonable.

The first question is one of statutory interpretation. Section 107.030(7) requires the trustee, upon sale of the encumbered property, to first pay the expenses of the sale "together with the reasonable expenses of the trust, including counsel fees, in amount equal to ____ percent" of the unpaid principal. The Debtor argues that the presence of the term "reasonable" in the statute allows this Court to review the fee request for reasonableness. Sanson argues that this Court is bound by the percentage stated in the deed of trust regardless of the amount of the fees sought.

The Court could locate no cases construing section 107.030(7), so must use its best judgment in predicting how the Nevada Supreme Court would construe the statute. *See Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 434–35 (9th Cir.1978); *Westchester Fire Ins. Co. v. Sperling*, 421 F.2d 141, 142 (9th Cir.1970). The Court could find no legislative history on the statute nor any analogous provisions in other states. Therefore, it must look to principles of statutory construction. A court's duty in construing a statute is to determine the intent of the legislature that enacted it. In ascertaining the intent of the legislature, a court must look to the words of the statute and to the purposes for its enactment. *State ex rel. Bartlett v. Brodigan*, 37 Nev. 245, 255, 141 P. 988 (1914) (Talbot, C.J., concurring).

The language of section 107.030(7) indicates that the attorney's fees are limited to a reasonable amount. In section 107.030(7), "reasonable" modifies "expenses of the trust" and counsel fees are *included* among the "expenses of the trust". The legislature's intent is clearly to include attorney's fees among the expenses of the trust. The expenses of the trust that, pursuant to the covenant, are to be paid from the sale proceeds, must be reasonable. The legislature could easily have indicated that the attorney's fee provision was not among the expenses of the trust. For instance, it could have used the word "plus" instead of the word "including". The legislature, however, used the word "including". Accordingly, although the statute allows, and in fact encourages, the parties to designate a percentage of the unpaid principal as counsel fees, those fees, like the other expenses of the trust, must be reasonable.

The evident purpose of section 107.030(7) also suggests that the attorney's fees allowed under that section are limited to a reasonable amount. The purpose of such an attorney's fee provision is to compensate the secured party for the costs of the foreclosure. *See, e.g., McLane v. Abrams*,

2 Nev. 199, 208 (1866) (analyzing a similar, non-statutory provision in a note). "If the language [of a statute] is capable of two constructions, one of which is consistent and the other is inconsistent with the evident object of the legislature in passing the law, that construction must be adopted which harmonizes with the intention." *Recanzone v. Nevada Tax Comm'n.*, 92 Nev. 302, 305, 550 P.2d 401, 403 (1976) (quoting *State v. California Mining Co.*, 13 Nev. 203, 217 (1878)). Allowing for recovery of reasonable costs and attorney's fees supports the purpose of compensating the creditor; allowing for recovery of exorbitant fees does not. Thus, the purpose, as well as the language, of section 107.030(7) suggests that it should be read to permit only reasonable attorneys fees.

The limited Nevada case law addressing this issue also supports this interpretation of the statute. The only two Nevada cases dealing with the issue at hand, are *Cox v. Smith*, 1 Nev. 161 (1865) and *McLane v. Abrams*, 2 Nev. 199 (1866). In both cases, promissory notes provided that, upon foreclosure, the creditor could recover ten percent of the unpaid balance as attorney's fees. 2 Nev. at 203; 1 Nev. at 165. The Nevada Supreme Court allowed the fees in both cases, but indicated that it was reluctant to do so and that such fees would only be allowed when they were reasonable. 2 Nev. at 208; 1 Nev. at 172. In *Cox*, the court stated:

> We doubt extremely the policy of enforcing *any* contract whereby the mortgagor makes himself responsible for counsel fees.

> We think it has a tendency to encourage extortionate and oppressive contracts, and is at war with the best interests of society. But all the cases we find reported on this subject hold that a *reasonable* counsel fee may be contracted for in such cases, and a court of equity will enforce the agreement.

> In all the cases called to our attention in which this point has arisen, the courts

have allowed the counsel fee charged, but have generally used some expression indicating that the charges allowed were reasonable, and that if unreasonable counsel fees were allowed, the court would interpose its authority to protect the mortgagor.

1 Nev. at 172 (emphasis in original). Although both *Cox* and *McLane* were decided prior to the enactment of section 107.030(7), nothing suggests that the statute was intended to overrule the views announced in those cases. Thus, *Cox* and *McLane* suggest that the Nevada Supreme Court would interpret section 107.030(7) to allow recovery of only reasonable attorney's fees.

Sanson argues that such an interpretation reads the "____ percent" language out of section 107.030(7). The Court disagrees. That provision merely encourages the parties to designate a percentage of the unpaid balance to be awarded as attorney's fees. It does not mean, however, that the fees may be unreasonable.

Sanson further argues, relying upon *In re American Motor Products Corp.*, 98 F.2d 774 (2d Cir.1938), that this Court has no inherent authority to disregard the agreement of the parties and limit the attorneys fees to a reasonable amount. Sanson's reliance on this case is misplaced. First, the agreement in the *American Motor Products* case nowhere mentions the word reasonable. Second, this Court does not rely upon an inherent power to limit the fees sought by Sanson; rather the Court relies upon the language of the statutory covenant incorporated into the deed of trust pursuant to which Sanson seeks the attorney's fees. Thus, the Court here is not disregarding the agreement of the parties, but rather enforcing it.[1]

Having determined that the attorney's fee provided for in the present deed of trust is limited to a reasonable amount, the next question is whether the fees sought by Sanson satisfy that requirement. Clearly they do not. At the outset, the

1. In a similar vein, Sanson relies on *National Acceptance Co. v. Zusmann*, 379 F.2d 351 (5th Cir.1967) and *Fidelity Nat'l. Bank v. Pitchford*, 374 So.2d 149 (La.App.1979). Both cases, however, involve statutes that are substantially different from that involved in the case at bar. The Court therefore finds those cases unpersuasive.

Court notes that the parties do not even appear to dispute the reasonableness of the fees; the briefs for Sanson do not even argue that the fees are reasonable. Thus, it appears that Sanson concedes that the fees it seeks are unreasonable. Even if Sanson does not concede the issue, however, this Court has no difficulty concluding that the fees sought here are unreasonable. The billing statements submitted with the original fee application indicated that Sanson's counsel had billed approximately $13,000 in foreclosing the deed of trust. Nevertheless, this Court awarded $20,000 in what the ninth circuit referred to as a "generous" fee award. *268 Ltd.*, 789 F.2d at 677–78. The total fees sought in the present action are more than fifteen times the amount actually billed and almost ten times the amount this Court deemed reasonable for purposes of section 506(b). Although there is no clear rule for determining what is an unreasonable fee, *Cox*, 1 Nev. at 172, the fees sought here are clearly beyond the bounds of reasonableness.

The Court has already awarded Sanson a reasonable attorney's fee for foreclosing the 268 deed of trust. As a result, Sanson may not recover the additional $177,500 in fees. Accordingly, Sanson's claim against the Debtor's bankruptcy estate is HEREBY DISALLOWED.

IT IS SO ORDERED.