**In re Michael J. & Joanne KUDLACEK, Debtors.**

**Bankruptcy No. BK-S-89-0602-LBR.**

United States Bankruptcy Court, D. Nevada.

Dec. 13, 1989.

Barbara Taves, Las Vegas, Nev. for debtor.

Matthew Callister, Callister & Reynolds, Las Vegas, Nev. for movant.

## MEMORANDUM DECISION AND ORDER

LINDA B. RIEGLE, Bankruptcy Judge.

This matter came before the court on the creditor's Motion for Reconsideration of Order Disallowing Claim. The issue was argued at a hearing and the court took the matter under submission.

## FACTS

On March 3, 1989, Michael and Joanne Kudlacek (debtors) filed a Chapter 13 bankruptcy petition. Fireman's Fund Mortgage Corp. (Fireman's) filed a proof of claim, claiming they were owed $105,076.33 ($92,-564.76 in principal and $12,001.49 in prepetition arrearages). This claim was based on a note secured by a deed of trust on the debtors' residence, presumably assumed by the debtors.[1] The deed of trust and the deed of trust note are both standard form HUD documents (HUD–92146 and HUD–99146 respectively). (See Exhibits A and B attached hereto).

The note itself contains no provision for attorney fees. The only provision in the deed of trust arguably dealing with attorney fees provides that upon default, the Trustee has the power to sell the property, and then apply the *proceeds* of sale "to pay all proper costs, charges and expenses, including all attorneys' and other fees, and costs herein provided for, and all moneys advanced for costs or expenses, or expense of litigation as aforesaid...." There is also a provision for Trustee fees, in the amount of one half percent of the principal, to be paid by the Grantor/Mortgagor if a foreclosure sale is advertised but never consummated.

Fireman's claims they are owed $12,-001.49 in arrearages, including attorneys fees, pursuant to N.R.S.Ann. § 107.030 (Michie 1986). These attorneys fees are broken down in a later document filed with the court. These fees include trustee fees of $725.00, a guarantee fee of $453.60, and a bankruptcy fee of $100.00, all under the general rubric of attorney fees. The court specifically requested that Fireman's provide the basis for these fees and to whom they were paid. Despite the court's request, all that was submitted was an affidavit of Ann Renee Edgerly, an employee of Fireman's counsel in Michigan stating that trustee fees of $725.65 were charged pursuant to N.R.S. § 107.030. There is no elaboration as to whom these fees were paid, if they were paid, or any basis or justification for them. There is no evidence that foreclosure proceedings were even commenced in this case.

This claim was denied initially, however, no order denying the claim was ever entered. Fireman's has now brought this motion for reconsideration. There seems to be no dispute that the principal amount owing is $92,564.76. The debtors have, however, objected to certain other fees claimed. First, there is a discrepancy in the number of months of arrearages. The Proof of Claim lists 11 months of defaulted payments, May, 1988 through March, 1989. At the hearing the debtors conceded that they did not make the payments on the note from April, 1988 to March, 1989, a 12 month period.

Secondly, the debtors pointed out a discrepancy in the amount of attorney fees

---

1. There has been no evidence of an assumption of this mortgage filed with this court. However, the property would remain encumbered by the lien and the covenants in the mortgage anyway.

claimed. At the top of the proof of claim an amount of $1,486.05 is listed. At the bottom, an amount of $1,466.25 is listed. The debtors assume these are for the same services, and therefore the amount should be $1,466.25. The debtors object to these fees as unreasonable. At some prior time the court allowed $400 of these fees, however, no order to this effect was ever entered. Debtors have no objection to the $400 fee, as that is reasonable. The debtors had not seen Fireman's breakdown of those fees prior to the hearing on the Motion for Reconsideration.

Thirdly, the debtors objects to Fireman's claim of interest on the interest owed on the note. There is a claim in Fireman's Proof of Claim for interest at $25.36 per month, but there is no label indicating if this is interest on interest. The debtors cite no support for this proposition, merely stating that it is settled law. Late fees are charged, but these are not objected to.

Finally, debtors' counsel claims attorney fees for herself. She claims she made two court appearances and opposing counsel did not appear at those hearings. She claims one hour's worth of fees for each of these appearances. Also, in her supplemental information to the court, she claims an additional three hours worth of fees, for a total of $750.00. Thus the debtor's attorney claims the total debt is only $101,551.76 plus attorney fees owed of $400.00, but that she is owed $750.00 in attorney fees.

## ISSUES

Whether attorneys fees are allowed pursuant to a HUD deed of trust and note, which award attorneys fees from the proceeds of a foreclosure sale, when there had been no actual foreclosure sale.

## DISCUSSION

The traditional American Rule is that each party pays its own attorneys' fees. This rule can be altered by statute or the parties' agreement. In Nevada, attorney's fees can be awarded pursuant to an agreement between the parties. N.R.S. Ann. § 18.010 (Michie 1986). Section 506(b) of the Bankruptcy Code is also applicable.

That section states that in the event a claim is over secured, the holder of the claim is entitled to "interest on such claim, and any reasonable fees, costs or charges provided for under the agreement under which the claim arose". Using either state law or bankruptcy law, the availability of attorney's fees depends on how the parties' agreement, the note and deed of trust, is interpreted.

The specific documents at issue contain no general right to attorney fees. It is only upon the happening of the foreclosure sale that the proceeds may be used to pay attorney fees. Counsel for all parties have assumed that the right to receive attorney fees under these notes applies, even without a foreclosure sale. Trustee fees are payable even if no foreclosure sale occurs, so long as one was commenced.

The Bankruptcy Appellate Panel set forth criteria for awarding attorney fees in such circumstances in *Meritor Mortgage Corp., West v. Salazar (In re Salazar)*, 82 B.R. 538 (9th Cir.BAP 1987). In that case, the court construed § 506(b) to mean that the right to attorney's fees in the parties' agreement could not be contradicted by other law. If the parties' agreement provides for attorney fees, they *must* be awarded if the fees are reasonable and the creditor holds an oversecured claim. *Id.* at 540. The court stated a four part test that must be met in order for such fees to be awarded. The claim must be an allowed secured claim; the creditor must be oversecured; the fees must be reasonable; and the fees must be provided for in the agreement. *Id.* Since the note and deed of trust in *Salazar* provided for the payment of attorney's fees in the event "legal action" was instituted on the note, and a Motion for Relief from the Automatic Stay was a legal action, reasonable fees were recoverable. The court remanded the case for a consideration of the reasonableness of the fees.

*See also Dalessio v. Pauchon (In re Dalessio)*, 74 B.R. 721 (9th Cir.BAP 1987), where a mortgage contained the language, "If an action is instituted on this note, the undersigned promise to pay such sum as

the court may adjudge as attorney's fees." The creditor requested attorney fees for initiating foreclosure proceedings. The court was prepared to award the fees, but remanded for a determination of the reasonableness of the fees. *See also In re Gladstone Glen*, 739 F.2d 1233 (7th Cir. 1984).

A series of Pennsylvania cases discussed the same issue regarding documents containing less broad language. *In re Tashjian*, 72 B.R. 968 (Bankr.E.D.Pa.1987), involved a mortgagee seeking relief from the automatic stay to pursue a foreclosure action against the defaulting debtor. The mortgagee had filed a proof of claim. The mortgagee requested attorney's fees incurred in bringing the Motion for Relief from Stay. The court set out four requirements to be met before a mortgagee would be entitled to attorney fees from the debtor/mortgagor. The fees must be 1) allowable under § 506(b); 2) provided for in the parties' agreement; 3) reasonable; and 4) allowable under state law. *Id.* at 974.

In discussing the second requirement, the court noted that provisions granting creditor's attorney's fees must be strictly construed to not contradict the traditional American Rule that counsel bear their own fees and costs. *Id.* at 975, 974–75, citing, *In re Robert*, 20 B.R. 914, 920 (Bankr.E.D. N.Y.1982). The mortgage provision in *Tashjian* stated that the defaulting party was liable to pay "all expenses ... including reasonable attorneys' fees, incurred in the collection of the delinquent Assessment by legal proceedings or otherwise." The court held that the Motion for Relief from the Automatic Stay could not be classified as a collection activity and therefore denied the fees. It was not necessary to discuss the other requirements and the attorney fees were therefore denied.

In *In re Nickleberry*, 76 B.R. 413 (Bankr. E.D.Pa.1987), in three consolidated cases, the debtors sought to cure arrearages on their mortgages. The mortgagee requested attorney's fees for post petition services in bankruptcy court for filing a Proof of Claim and a Motion for Relief from the Automatic Stay.

The court used the four requirements from *Tashjian* to decide that fees were not recoverable. The parties' agreement stated that upon default the lender "may foreclose [on the mortgage] by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including ... reasonable attorney's fees...." The court noted that such contract clauses are to be strictly construed and thus read the term "foreclosure proceeding" narrowly. Filing a Proof of Claim or filing a Motion for Relief from the Automatic Stay were not foreclosure proceedings. Attorney's fees were thus denied. *Id.* at 425.

In *In re Smith*, 76 B.R. 426 (Bankr.E.D. Pa.1987), the debtor again objected to attorney fees claimed by the mortgagee when the mortgagee filed its Proof of Claim. The parties' agreement stated that upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred ... may be charged to the residential mortgage debtor. Since the mortgagee had actually incurred $500 for instituting a foreclosure action, those fees were justified. *Id.* at 430. They were, however, subject to the third requirement that they be reasonable. Attorney's fees were actually denied as the parties failed to submit to the court the mortgage, the parties' agreement, which would show whether or not the creditor was entitled to attorney's fees.

### Allowed and Oversecured Claim

In the case before this court, the amount of the claim is the principal amount owing as of the date of default, $92,564,76, plus interest from that date to the date of filing, plus escrow fees and late charges pursuant to ¶ 2 of the deed of trust. The prepetition arrearages calculated in the Proof of Claim are correct, other than the amounts for attorney fees. This claim has been objected to and therefore is not automatically an allowed claim pursuant to 11 U.S.C. § 502. There has, however, been no order entered specifically denying the claim. Although the schedules indicate the property is only

worth $100,000, the debtor has not argued that the creditor is not entitled to fees due to the undersecured nature of its claim.[2]

*Fees provided for in the Agreement*

■ The "agreement" in question is the note and the deed of trust, the standard HUD forms. The note contains no provision for attorney fees and relevant portions of the deed of trust provide that the proceeds of a foreclosure may be used to pay attorney's fees of the mortgagee, Fireman's. This provision is very narrow. It does not authorize attorney's fees for "any action" as did the documents in *Gladstone Glen, Salazar* and *Dalessio*.[3] The courts in *Tashjian* and *Nickleberry* indicate such provisions are to be strictly and narrowly construed. The provision in the HUD form states that the proceeds of a foreclosure sale may be used for attorney's fees. There is no general "any legal action" language. Therefore, unlike the courts in *Dalessio* and *Gladstone Glen*, without a foreclosure sale, there can be no right to attorney's fees. As the *Nickleberry* court indicated, neither a Proof of Claim nor a Motion for Relief from the Automatic Stay are foreclosure proceedings. Therefore, due to the narrowness of the language in the HUD deed of trust, there can be no award of attorney's fees to Fireman's without a foreclosure sale and proceeds to pay such claims.

The attorneys here are claiming fees for various things under the general rubric of attorney fees. There is a one percent trustee fee, paid to the trustee. There is a Trustee Sale Guarantee fee of $453.60; a bankruptcy fee of $100.00 and other miscellaneous fees for recording, mailing, posting, etc., of $187.00. The affidavit of Ann Edgerly, co-counsel for Fireman's indicates that the trustee fees are being charged

pursuant to N.R.S. 107.030. However, that statute is a laundry list of acceptable provisions and covenants that deeds and mortgages in the state of Nevada may contain. These particular covenants must be specifically incorporated into the document in issue in order to give the mortgagee the right to claim such fees. N.R.S.Ann. § 107.040 (Michie 1986). Covenant Nos. 3 and 4 listed in N.R.S. 107.030 are not reiterated in, or stated to have been incorporated into, the deed of trust in issue. Finally, even if Covenant No. 7 had been incorporated, it too only authorizes the payment of attorney fees upon foreclosure. Furthermore, the Trustee fee award of one half percent of principal is available only if a foreclosure sale is advertised, but never consummated. This fee is also unavailable here as there is no evidence a foreclosure sale was even advertised.

Thus attorney fees and other fees and costs can only be awarded if a foreclosure is consummated and proceeds available, given the strict construction placed on such provisions by recent decisions.

*Reasonableness of Fees*

■ The above cases all require that an award of attorney's fees be reasonable, even if the parties have specified a certain amount. In *In re 268 Limited,* 85 B.R. 101 (9th Cir.BAP 1988), the trust deed contained a covenant providing for attorney's fees. The court upheld the award of attorney's fees, but stated that they must be reasonable. That court interpreted N.R.S. § 107.030(7) which specifically states that such fees must be reasonable. Although N.R.S. § 107.030(7) has not been incorporated into the documents in issue, any award of attorney's fees is limited by a reasonableness requirement. *See also In re Salazar,* 82 B.R. at 540.

---

**2.** The holder of a claim on account of a deed of trust on the debtor's residence may have a partially secured and partially unsecured claim pursuant to 11 U.S.C. § 506. *See Hougland v. Lomas & Nettleton Co., (In re Hougland),* 886 F.2d 1182 (9th Cir.1989).

**3.** The recent decision in *Joseph F. Sanson Investment Co. v. 268 Limited (In re 268 Limited),* 789

F.2d 674 (9th Cir.1986), *on remand to,* 75 B.R. 37 (Bankr.Nev.1987), *aff'd,* 85 B.R. 101 (9th Cir. BAP 1988), *question certified,* 877 F.2d 804 (9th Cir.1989), seems to indicate fees are payable on default. *See 268 Limited,* 85 B.R. at 105 (J. Meyers, dissenting). However, the issue of the right to such fees was not before the court and thus this statement is dicta.

The court here finds the record inadequate in showing the fees claimed are reasonable. The affidavit submitted is inadequate standing alone.

*Miscellaneous Issues*

The creditor cannot claim interest on interest in this jurisdiction. *See In re Kooker,* 106 B.R. 233 (Bankr.D.Nev.1989).

Debtor's counsel claim for attorney's fees for herself is without merit also. The only possible basis for her claim is Rule 11. Fed.R.Civ.P. 11. Although the actions of the creditor's counsel are sloppy, their actions do not rise to a level warranting sanctions.

## CONCLUSION AND ORDER

The creditor's claim is allowed to the extent of the principal amount owed at default, plus the amount of interest, escrow fees and late fees owed on the date of filing. Because there is no provision in the parties' agreement for attorney's fees for work prior to a foreclosure proceeding, and because the record provides inadequate support for an award of such fees, creditor's claim for these amounts is denied. With respect to the previous grant of $400 of attorney fees for the creditor, since no order was entered for them, and in light of the court's findings that there is no basis for such fees, the court rescinds this prior decision. Debtor's motion for attorney's fees is denied also.

IT IS SO ORDERED.

EXHIBIT A

State of Nevada

Deed of Trust

FHA Case No. 332-158356-8-203

RETURN TO CHICAGO TITLE

This Deed of Trust, made this 13TH day of AUGUST , 19 86 , by and between
MICHAEL L. McMAHON AND GERALDINE R. McMAHON HUSBAND AND WIFE
hereinafter called Grantor, and CHICAGO TITLE INSURANCE COMPANY hereinafter called
Trustee, and MORTGAGE AMERICA

, a Corporation organized and existing under
the laws of THE STATE OF NEVADA , hereinafter with its successors and assigns called
Beneficiary; it being understood that the words used herein in any gender include all other genders the singular number included the plural the plural the singular.

Witnesseth:

Whereas, the said Grantor is justly indebted to the said Beneficiary in the sum of NINETY THREE THOUSAND FOUR HUNDRED TWENTY AND NO/100 Dollars ($ 93,420.00 ), legal tender of the United States of America, evidenced by a certain promissory note dated AUGUST 13, 1986 providing for monthly installments of principal and interest with the balance of the indebtedness, if not sooner paid, due and payable on SEPTEMBER 1, 2016

Now, Therefore, This Deed of Trust Witnesseth, that the Grantor in consideration of the foregoing, and for the purpose of better securing all the other covenants and conditions of the above note and of this Deed of Trust, and in further consideration of the sum of One Dollar ($1) legal tender to Grantor in hand paid by the Trustee, the receipt whereof is hereby acknowledged, has granted, bargained, sold, conveyed, and confirmed, and by these presents does hereby grant, bargain, sell, convey and confirm, unto the said Trustee, its successors and assigns, all that certain lot or parcel of land situated in HENDERSON County of CLARK State of Nevada, described as follows:

The West 116 feet of the North Half (N½) of the Easterly two-fifths (2/5) of the South Half (S½) of the Southwest Quarter (SW¼) of the Northwest Quarter (NW¼) of the Southeast Quarter (SE¼) in Section 19, Township 22 South, Range 63 East, M.D.B. & M.

IN THE EVENT OF TRANSFER OF SAID PROPERTY AND ASSUMPTION OF INDEBTEDNESS SECURED HEREBY, A FEE OF $45.00 WILL BE CHARGED.

THIS DEED OF TRUST (MORTGAGE) IS SUBJECT TO THE ATTACHED RIDER, WHICH SUBSTANTIALLY MODIFIES THE TERMS OF THIS LOAN. DO NOT SIGN IF UNLESS YOU READ AND UNDERSTAND IT.

Including all heating, plumbing, and lighting fixtures and equipment now or hereafter attached to, or used in connection with the real estate herein described.

To Have And to Hold the said premises, with all the tenements, hereditaments, and appurtenances thereto belonging, unto the Trustee, its successors and assigns forever.

---

This form is used in connection with deeds of trust insured under the one-to-four-family programs of the National Housing Act which provide for periodic Mortgage Insurance Premium payments.

Previous Edition Obsolete

HUD-92146M (10-85 Edition)
24 CFR 203.17(a)

**In And Upon The Uses and Trusts, Herein After Declared,** that is to say:

First. — To permit said Grantor to possess and enjoy said described premises, and to receive the issues and profits thereof until default be made in the payment of any manner of indebtedness hereby secured or in the performance of any of the covenants herein provided; and upon the full payment of said note and of any extensions or renewals thereof, and the interest thereon, and all moneys advanced or expended, as herein provided, and all other proper costs, changes, commissions, half-commissions, and expenses, to release and reconvey in fee unto and at the cost of the said Grantor the said described land and premises.

Second. — Upon any default being made in the payment of the said note or of any monthly installment of principal and interest as therein provided, or in the payment of any of the monthly sums for ground rents, taxes, special assessments, mortgage insurance, fire and other hazard insurance, all as hereinafter provided, or upon any default in payment on demand of any money advanced by the Beneficiary on account of any proper cost, charge, commission, or expense in and about the same or on account of any tax or assessment or insurance or expense of litigation, with interest thereon at the rate provided for in the principal indebtedness per annum from date of such advance *(it being hereby agreed that on default in the payment of any tax or assessment or insurance premium or any payment on account thereof or in the payment of any of said cost, expense of litigation, as aforesaid, the Beneficiary may pay the same and all sums so advanced, with interest as aforesaid, shall immediately attach as a lien hereunder, and be payable on demand),* or upon failure or neglect faithfully and fully to keep and perform any of the other conditions or covenants herein provided; then upon any and every such default being so made as aforesaid, the said Trustee, or the trustee acting in the execution of this trust, shall have power, in strict accordance with the applicable laws of this State, and it shall be its duty thereafter to sell, and in case of any default of any purchaser to resell, at public auction, for cash, in one parcel at such time and place, and after such previous public advertisement as the Trustee, or the trustee acting in the execution of this trust, shall deem advantageous and proper; and to convey the same in fee simple, upon compliance with the terms of sale, to and at the cost of the purchaser or purchasers thereof, who shall not be required to see to the application of the purchase money; and shall apply the proceeds of said sale or sales: Firstly, to pay all proper costs, charge, and expenses, including all attorneys' and other fees, and costs herein provided for, and all moneys advanced for costs or expenses, or expense of litigation as aforesaid, or taxes or assessments, or insurance with interest thereon as aforesaid, and all taxes, general and special, and assessments, due upon said land and premises at time of sale: Secondly, to retain as compensation a commission of one per centum (1%) on the gross amount of the said sale or sales; Thirdly, to pay whatever may then remain unpaid of the principal of the said note whether the same shall be due or not, and the interest thereon to date of payment, it being agreed that said note shall, upon such sale being made before the maturity of said note, be and become immediately due and payable, at the election of the Beneficiary; and, Lastly, to pay the remainder of said proceeds, if any, to said Grantor, or assigns, upon the delivery of and surrender to the purchaser, his, her, or their heirs or assigns, of possession of the premises as aforesaid sold and conveyed, less the expense, if any, of obtaining possession.

And it is further agreed that if the said property shall be advertised for sale as herein provided, and not sold, the Trustee shall be entitled to a reasonable commission, not exceeding one-half (½) the commission above provided, to be computed on the amount of principal then unpaid.

And the said Grantor, for himself, his heirs, executors, administrators, and assigns, in order more fully to protect the security of this deed of trust, does hereby covenant and agree as follows:

1. That he will pay the indebtedness, as hereinbefore provided. Privilege is reserved to pay the debt, in whole or in part, on any installment due date.

2. That, together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured hereby, Grantor will pay to the Beneficiary, on the first day of each month until the said note is fully paid, the following sums:

(a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the note secured hereby are insured, or a monthly charge *(in lieu of a mortgage insurance premium)* if they are held by the Secretary of Housing and Urban Development, as follows:
(i) If and so long as said note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder; or
(ii) If and so long as said note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge *(in lieu of a mortgage insurance premium)* which shall be in an amount equal to one-twelfth of one-half per centum of the average outstanding balance due on the note computed without taking into account delinquencies or prepayments;

(b) A sum equal to the ground rents, if any, and taxes and special assessments next due on the premises covered by this Deed of Trust, plus the premiums that will next become due and payable on policies of fire and other hazard insurance on the premises covered hereby *(all as estimated by the Beneficiary)* less all sums already paid therefor divided by the number of months to elapse before 1 month prior to the date when such ground rents, premiums, taxes, and assessments will become delinquent, such sums to be held by the Beneficiary in trust to pay said ground rents, premiums, taxes and special assessments before the same become delinquent; and

(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together and the aggregate amount thereof shall be paid by the Grantor each month in a single payment to be applied by Beneficiary to the following items in the order set forth:
(i) premium charges under the contract of insurance with the Secretary of Housing and Urban Development, or monthly charge *(in lieu of mortgage insurance premium),* as the case may be;
(ii) ground rents, taxes, special assessments, fire and other hazard insurance premiums;
(iii) interest on the note secured hereby;
(iv) amortization of the principal of said note; and
(v) late charges.

Any deficiency in the amount of any such aggregate monthly payment shall, unless made good by the grantor prior to the due date of the next such payment, constitute an event of default under this Deed of Trust. The Beneficiary may collect a "late charge" not to exceed four cents (4¢) for each dollar ($1) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

3. If the total of the payments made by the Grantor under *(b)* of paragraph 2 preceding shall exceed the amount of payments actually made by the Beneficiary for ground rents, taxes or assessments or insurance premiums, as the case may be, such excess, if the loan is current, at the option of the Grantor, shall be credited on subsequent payments to be made by the Grantor, or refunded to the Grantor. If, however, the monthly payments made by the Grantor under *(b)* of paragraph 2 preceding shall not be sufficient to pay ground rents, taxes and assessments and insurance premiums, when the same shall become due and payable, then the Grantor shall pay to the Beneficiary any amount necessary to make up the deficiency, on or before the date when payment of such ground rents, taxes, assessments or insurance premiums shall be due. If at any time the Grantor shall tender to the Beneficiary, in accordance with the provisions of the note secured hereby, full payment of the entire indebtedness represented thereby, the Beneficiary shall, in computing the amount of such indebtedness, credit to the account of the Grantor all payments made under the provisions of *(a)* of paragraph 2 which the Beneficiary has not become obligated to pay to the Secretary of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of *(b)* of paragraph 2 hereof. If there shall be a default under any of the provisions of this Deed of Trust resulting in a public sale of the premises covered hereby, or if the Beneficiary acquires the property otherwise after default, it shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under *(b)* of paragraph 2 preceding, as a credit against the amount of principal then remaining unpaid under said note, and shall properly adjust any payments which shall have been made under *(a)* of paragraph 2.

4. That the Grantor will pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and in default thereof the Beneficiary may pay the same, and that the Grantor will promptly deliver the official receipts therefor to the Beneficiary.

5. That the Grantor will keep the improvements now existing or hereafter erected on the said premises, insured as may be required from time to time by the Beneficiary against loss by fire and other hazards, casualties and contingencies in such amounts and for such periods as may be required by the Beneficiary and will pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Beneficiary and the policies and renewals thereof shall be held by the Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In event of loss he will give immediate notice by mail to the Beneficiary, who may make proof of loss if not made promptly by the Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the Beneficiary instead of to the Grantor and the Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by the Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this Deed of Trust or other transfer of title to the said premises in extinguishment of the indebtedness secured hereby.

all right, title, and interest of the Grantor in and to any insurance policies then in force shall pass to the purchaser or grantee.

6. That the Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste of the said premises, reasonable wear and tear excepted.

7. That if the premises, or any part thereof, be condemned under any power of eminent domain, or acquired for a public use, the damages, proceeds and the consideration for such acquisition, to the extent of the full amount of indebtedness upon this Deed of Trust and the note secured hereby remaining unpaid, are hereby assigned by the Grantor to the Beneficiary and shall be paid forthwith to the Beneficiary to be applied by it on account of the next maturing installment of such indebtedness.

8. The Grantor further agrees that should this Deed of Trust and the note secured hereby not be eligible for insurance under the National Housing Act within NINETY (90) DAYS from the date hereof *(written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary of Housing and Urban Development dated subsequent to*

the NINETY (90) DAYS *time from the date of this Deed of Trust, declining to insure said note and this Deed of Trust, being deemed conclusive proof of such ineligibility),* the Beneficiary or the holder of the note may, at its option, declare all sums secured hereby immediately due and payable.

9. That the Grantor hereby assigns to the Trustee any and all rents of the above-described premises and hereby authorizes the Trustee, without waiving or affecting its right to foreclosure or any other right hereunder, to take possession of the premises at any time after there is a default in the payments of the debt or in the performance of any of the obligations herein contained, and to rent the premises for the amount of the Grantor.

10. That notice of the exercise of any option granted herein, or in the note secured hereby, to the Beneficiary is not required to be given, the Grantor hereby waiving any such notice.

11. Beneficiary may from time to time substitute a successor or successors to any Trustee named herein or acting hereunder to execute this Trust. Upon such appointment, and without conveyance to the successor Trustee, the later shall be vested with all title, powers, and duties conferred upon any Trustee herein named or acting hereunder. Each such appointment and substitution shall be made by written instrument executed by Beneficiary, containing reference to this Deed and its place of record, which, when recorded in the office of the County Recorder of the country or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor Trustee.

12. The benefits of the covenants herein contained shall accrue to, and the obligations thereof shall bind, the heirs, representatives, successors and assigns of the parties hereto.

In Witness Whereof, the said Grantor has executed these presents the day and year first hereinbefore written.

Address of Grantor·

___231/Kimberly Drive___  ~~MICHAEL L. McMAHON~~

___Henderson, Nevada 89015___  

GERALDINE R. McMAHON

State of Nevada )
) ss:
County of      Clark )

On this   __19th__   day of   __August__   , 19 __56__ , personally appeared before me, the undersigned,
a notary public in and for the county and State aforesaid,

   Michael L. McMahon and Geraldine R. McMahon

known to me to be the person described in and who executed the within and foregoing instrument, and who acknowledged to me that

   t h ey                           executed the same freely and voluntarily and for the uses and purposes therein mentioned.

In Witness Whereof, I have hereunto set my hand and affixed my official seal at my office in said county of
the day and year in this Certificate first above written.

_____
Notary Public

County of ___Clark___    , State of Nevada

My Commission expires

NOTARY PUBLIC-NEV.
COUNTY OF CLARK
EARLENE F. GORDON
My Commission Expires
OCT. 20, 1986

EXHIBIT B

**State of Nevada**

**Deed of Trust Note**

●515 561 ●34 7578 3

FHA Case No.:
332-158356-8-203

LAS VEGAS , Nevada

$ 93,420.00   AUGUST 13 , 19 86

For Value Received, the undersigned promise(s) to pay to   MORTGAGE AMERICA, A

NEVADA CORPORATION   , or order, the principal sum of

NINETY THREE THOUSAND FOUR HUNDRED TWENTY AND NO/100   Dollars ($ 93,420.00 )
with interest from date at the rate of   TEN   per centum ( 10.000 %)
per annum on the unpaid balance until paid. The said principal and interest shall be payable at the office of

MORTGAGE AMERICA   , in   LAS VEGAS

Nevada, or at such other place as the holder hereof may designate in writing in monthly installments of   EIGHT
HUNDRED TWENTY AND 23/100   Dollars ($ 820.23 )
commencing on the first day of   OCTOBER   , 19 86   , and on the first day of each month
thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not
sooner paid, shall be due and payable on the first day of   SEPTEMBER   , 20 16

If default be made in the payment of any installment under this note, and if the default is not made good prior to the
due date of the next such installment, the entire principal sum and accrued interest shall at once become due and
payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a
waiver of the right to exercise the same in the event of any subsequent default.

Presentment, protest, and notice are hereby waived. The drawers and endorsers of this note also waive the benefit of
any homestead, exemption, valuation, or appraisement laws as to this debt.

_____   MICHAEL L. McMAHON   DATE

_____   GERALDINE R. McMAHON   DATE

This form is used in connection with deeds of trust insured under the one- to four-family provisions of the National Housing Act.
Previous Editions Are Obsolete