**In re I–MIND EDUCATION SYSTEMS, INC., Debtor.**

No. 01–10481.

United States Bankruptcy Court, N.D. California.

Sept. 30, 2001.

have not been given sufficient notice to make any rulings binding on them.

Peter J. Benvenutti, Heller, Ehrman, White and McAuliffe, San Francisco, CA, David N. Chandler, Law Offices of David N. Chandler, Santa Rosa, CA, Richard M. Grant, Law Offices of Richard M. Grant, San Rafael, CA, Lawrence A. Jacobson, Law Offices of Cohen and Jacobson, Redwood City, CA, Rodger M. Landau, McDermott, Will and Emery, Los Angeles, CA, Grace E. Robson, Law Offices of Berger and Singerman, Miami, FL, Robert H. Scribner, Kimble, MacMichael and Upton, Fresno, CA, Michael D. Seese, Kluger, Peretz, Kaplan and Berlin, Miami, FL, for creditor.

Merle C. Meyers, Goldberg, Stinnett, Meyers and Davis, San Francisco, CA, for debtor.

Aron M. Oliner, Buchalter, Nemer, Fields and Younger, San Francisco, CA, trustee.

### Memorandum re Attorneys' Fees

ALAN JAROSLOVSKY, Bankruptcy Judge.

After several hearings, the court granted the Chapter 7 trustee's motion to assume a real property lease. The lessors asserted, as part of the cost of curing defaults, that they recover their reasonable attorneys' fees. The trustee has objected, arguing that there is no basis for the award of attorneys' fees as part of the cost of assumption. The notion that a landlord must always be compensated for attorneys' fees upon assumption of a lease has been soundly rejected. In re Westside Print Works, Inc., 180 B.R. 557, 563–64 (9th Cir. BAP 1995); In re Shangra–La, Inc., 167 F.3d 843, 849 (4th Cir.1999). On the other hand, the landlord is entitled to recovery of its attorneys' fees if the lease clearly provides for them. Thus, if the lease contained a provision requiring the lessee to pay a reasonable attorney's fee if the lessor employs an attorney by reason of the lessee's default, then the lessors would be entitled to recover their attorneys' fees. In re Bullock, 17 B.R. 438, 439 (9th Cir. BAP 1982). Unfortunately for the lessors in this case, the attorneys' fee provision in their lease was not drafted broadly enough to allow recovery of their fees from the estate. The lease provides:

In case suit or arbitration is brought by either party because of the breach of any term, covenant or condition herein contained, the prevailing party shall be entitled to recover against the other party reasonable attorneys' fees and costs such amount as may be fixed by the court.

The lessors here are not entitled to recover attorney's fees because there was no suit or arbitration, and because neither their motion for relief from the automatic stay nor the trustee's motion to assume the lease was an action for breach of contract, and because the lessors were not a prevailing party. Provisions granting creditor's attorney's fees must be strictly construed to not contradict the traditional American Rule that parties bear their own fees and costs. In re Kudlacek, 109 B.R. 424, 427 (Bankr.D.Nev.1989); In re Roberts, 20 B.R. 914, 920 (Bankr.E.D.N.Y. 1982). The court is not aware of any case

which has called a motion for relief from the automatic stay or a motion to assume a lease a "suit." In fact, some courts have found such motions to not even qualify when a more generic term such as "action" is made the basis for recovery of attorneys' fees. See, e.g., In re Schwartz, 68 B.R. 376, 384 (Bankr.E.D.Pa.1986).

Neither a motion for relief from the stay nor a motion to assume a lease is a suit on a contract. They are both governed purely by federal law. As such, state laws awarding attorneys' fees for successful litigation on a contract are entirely irrelevant. In re Johnson, 756 F.2d 738, 741 (9th Cir.1985). Even if the court found that state law was somehow applicable, the lessors still would not be entitled to recover their attorneys' fees because they were not, by any stretch of the imagination, the prevailing parties to anything. While the court did make interim orders on their relief from stay motion, they never received the full relief they sought. If there was any prevailing party as to the motion to assume the lease, it was the trustee. The attorneys' fee provision in the lease was not drafted with enough scope or precision to permit the lessors to recover their attorneys' fees from the bankruptcy estate. Accordingly, their request to include their attorneys' fees as part of the cure upon assumption must be denied. Counsel for the trustee shall submit an appropriate form of order.